## BYBEE CONSTRUCTION CO. et al. v. BYBEE et al.

No. 23872. Opinion Filed Feb. 14, 1933.

Robert Burns and J. Colonna, for petitioners.

J. W. Dixon, for respondents.

CULLISON, V. C. J. This is an original proceeding in the Supreme Court to review an award of the State Industrial Commission rendered on June 17, 1932, in favor of J. P. Bybee, claimant.

Claimant was in the employment of the Bybee Construction Company, and while so employed received an accidental injury resulting in the complete loss of the right eye, and claimant contended that there was a partial loss of sight in the left eye. Said cause was tried to the Commission and considerable medical testimony was introduced by both sides. The Commission found

that claimant had suffered complete loss of his right eye and 16 per cent. loss of vision in the left eye and awarded him 290 weeks of compensation in payment thereof.

Petitioner appeals from the award of June 17, 1932, and contends that there was not sufficient evidence to support the award rendered by the Commission. We have carefully examined the evidence in said cause, and find that there was a conflict between the medical testimony of claimant and petitioner before the Commission. We also find that there was ample competent testimony before the Commission in support of the award as made.

The question presented here for review is one that has been before this court many times, and this court holds that where there is competent evidence reasonably tending to sustain the award, this court will not reverse an award of the State Industrial Commission on appeal, but will affirm the same. Canadian Mining & Development Co. et al. v. Robbins et al., 155 Okla. 20, 7 P. (2d) 886.

In applying this rule to the case at bar, we find that there was sufficient competent evidence to support the award, and that under the numerous decisions of this court, the petition to vacate should be denied and the award affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. McNEILL, J., absent.