## EMPLOYERS' LIABILITY ASSURANCE CORP. et al. v. COFFMAN et al.

No. 21547. . Opinion Filed Feb. 17, 1931.

A. C. Saunders, for petitioners.

John M. Chick and Chas. Hill Johns, for respondents.

CLARK, V. C. J. This is an original action filed in this court by petitioners to review an award of the State Industrial Commission, made and entered on the 27th day of June, 1930, in favor of respondent W. M. Coffman. Said award found that on February 17, 1930, respondent Coffman was in the employ of petitioners and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Act; and that on said date respondent Coffman sustained an accidental personal injury arising out of and in the course of his employment with petitioners; that respondent Coffman had received compensation in the sum of $180, computed from February 27, 1930, to May 8, 1930, or for a period of ten weeks. The Commission further found that respondent was due compensation from the 8th day of May to the date of trial; that payment of compensation should continue from said date at the rate of $18 per week until the termination of respondent's disability or until further ordered by the Commission.

Petitioners' first contention is that the award can only be sustained by assuming the finding that the respondent was disabled as of the date of the hearing by reason of the accidental injury. Second, that the burden of proof to establish that his disability was caused by the admitted accidental injury was upon the respondent. Third, that there is no evidence that respondent's disability was caused by the accidental injury.

The evidence discloses that respondent's injury was an accidental injury to the eye, and erysipelas resulted therefrom, and that respondent has been disabled since the injury.

It is the contention of petitioners that there was no testimony showing that the continued disability of respondent Coffman was due to the injury. Petitioners on page 2 of their brief state:

"It is undisputed in the record that the claimant was an employee of the petitioner, Pierce Petroleum Corporation, engaged in a hazardous occupation; that in the course of his employment on the 17th day of February, 1930, the said claimant sustained an accidental injury consisting of a gash over the left eye, in consequence of which erysipelas set in; that as a result of said injury the claimant became totally disabled; that the rate of his compensaion for total temporary disability was $18 per week and that the insurance carrier, the Employers' Liability Assurance Corporation, one of the petitioners herein, duly paid the amount of such compensation to the claimant up to and including May 8, 1930."

This is an admission on the part of the petitioners that the claimant, respondent herein, had an accidental injury while engaged in a hazardous occupation and became totally disabled, and that the rate of compensation was $18 per week. Petitioners contend that respondent Coffman is suffering from pulmonary tuberculosis, which is the cause of his disability instead of the injury. Respondent's attorney admitted in the record that the respondent had a dormant case of tuberculosis, but contends the same was aggravated and accelerated by the injury, and therefore the same was compensable.

This court in the case of Fitzsimmons v. State Industrial Commission, 120 Okla. 31, 250 Pac. 111, announced in the third paragraph of the syllabus the following rule:

'3. Where it is admitted that the claimant was totally disabled as a result of an injury, such claimant is entitled to compensation during the continuance of the disability, not exceeding 300 weeks and where such disability continues and the employer and insurance carrier seek to escape further liability upon the ground that the effects of the injury have ceased, and that the claimant's continuing disability results from other causes, the burden of proving such change of condition is upon the employer."

We are of the opinion that, the injury being admitted and the same being a compensable injury, the burden of proof was on petitioners to prove that the disability caused by the injury had ceased, and that the disability respondent is now suffering resulted from disease. To announce any other rule would require the claimant to retry his case every time the insurance carrier stopped compensation. In this case the injury was admitted.

On March 1, 1930, the employer filed with

the State Industrial Commission notice of injury, and on March 6, 1930, employer filed report of payment of compensation of $18 per week, and continued compensation up to May 8, 1930. The disability was admitted. The amount of compensation was admitted up until May 8, 1930; at which time the petitioners claimed that respondent's disability, resulting from the injury, had ceased and stopped compensation.

We are of the opinion that the burden was on petitioners to prove the disability resulting from the injury had ceased. The record in this case shows that respondent Coffman was performing manual labor at the time of his injury and had for several years prior to the accident resulting in disability.

This court in the case of Fitzsimmons v. State Industrial Commission, 108 Okla. 276, 236 Pac. 616, in the second paragraph of the syllabus said:

"Where claimant was performing manual labor in a hazardous employment and sustained an injury in the course of such employment resulting in temporary total disability, held, he is entitled to recover compensation during the continuance of such disability, but not in excess of 300 weeks, at the rate of 66 2-3 per centum of his average weekly wage. Further held, the fact that such employee had prior to such injury a disease or bony growth, unknown to him, and such as did not impair him from performing labor, which disease or growth was aggravated by the injury, the presence of such disease or growth would not prevent the injured claimant from recovering compensation for the entire time of his disability and until such time as it can be definitely determined that the disability caused by such injury has ceased."

Also, see Saunders v. Rock Island Coal Mining Co., 138 Okla. 45, 280 Pac. 290.

While it appears that respondent has been affected with tuberculosis, yet the evidence justifies the finding that the immediate cause of disability was the injury, and the disability resulted therefrom; that the respondent was diseased at the time of the injury cannot be denied, but such disease had not progressed to the point of disability. He was with substantial regularity performing the duties of his employment up until the time of his injury. If the disease was thereby accelerated so as to produce disability so soon after the injury, the injury must be regarded as the cause of the disability, and the burden was on the petitioner to prove that the disability resulting from the injury had ceased, and the petitioners having failed to meet this burden. the judgment and award of the Commission is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (1) anno. L. R. A. 1918F, 869; 19 A. L. R. 95; 28 A. L. R. 204; 60 A. L. R. 1299; 28 R. C. L. p. 818; R. C. L. Perm. Supp. 6241; R. C. L. Continuing Perm. Supp. p. 1209.