## CAMPBELL & PARKER et al. v. LAFETTE et al.

No. 22309. Opinion Filed Jan. 12, 1932.

Rehearing Denied Feb. 9, 1932.

H. C. Thurman and Byrne A. Bowman, for petitioners.

Cooke & Jackson, G. G. McBride, A. L. Jeffrey, J. Berry King, Atty. Gen., and Robt. D. Crow, Asst. Atty. Gen., for respondents.

HEFNER, J. This is an original proceeding in this court by Campbell & Parker and the Century Indemnity Company to review an award of the Industrial Commission awarding compensation to B. C. Lafette.

The record discloses that on July 23, 1930, claimant, while in the employ of petitioners, Campbell & Parker, received an injury when the casing tongs swung around and hit him

on his right side. On August 27, 1930, a stipulation for settlement and receipt form No. 7 was filed before the Commission whereby claimant agreed to accept the sum of $18 in settlement of temporary disability due to the injury. The settlement was approved by the Commission on December 1, 1930. On January 27, 1931, claimant filed a motion to reopen the case because of a change in condition and prayed that he be awarded additional compensation. The motion was granted and at the conclusion of the hearing the Commission awarded him additional compensation at the rate of $18 per week from January 27, 1931, the date of the filing of the motion, to March 20, 1931, because of temporary total disability, and also awarded him additional compensation at the rate of $12 per week from the 20th day of March, 1931, until otherwise ordered by the Commission, not to exceed 300 weeks, because of permanent partial disability. The award for permanent partial disability is based on the finding of the Commission that claimant's average daily wage at the time of the injury was $7 per day and that his wage-earning capacity decreased, because of the injury, to $4 per day. The sufficiency of the evidence to establish a change in condition since the former award is not challenged by petitioners. They, however, contend that the evidence is insufficient to sustain the finding that claimant was temporarily totally disabled from January 27, 1931, to March 20, 1931. The only evidence on this issue is the evidence of claimant. He testified that after settlement was made he attempted to work and did work at intervals until January 27, 1931, at which time he was compelled to cease work because his condition grew worse, and that he was unable thereafter to find such work as he was able to do until a few days prior to the hearing of his motion, which was April 2, 1931. The evidence is sufficient to sustain the award in this respect.

Petitioners also challenge the finding of the Commission that claimant's earning capacity had decreased from $7 to $4 per day. The evidence establishes that at the time of the injury claimant was earning $7 per day: that since the injury he is unable to do heavy work; that in the latter part of March, 1931, he received employment at Henderson, Texas, firing a boiler to operate a pump on a pressure line at $4 per day for a twelve-hour day. This was the only work he was able to obtain. Petitioners offered evidence that the average daily wage paid by operators in the Oklahoma City field for firing a boiler was $7.50 per day for a twelve-hour day and contend that claimant should have attempted to secure employment in that field instead of leaving the state and accepting employment in another state at a lesser wage. That he could have secured employment in that field at a higher wage than he received at the time he was injured, and that he, therefore, suffered no loss of wage-earning capacity. The answer to this contention is that the evidence establishes that, in order for a fireman firing boilers in the Oklahoma City field to receive $7.50 per day, it was necessary that he take charge of several boilers and also work on the floor of the derrick with the drilling crew. The evidence establishes that claimant was unable to do so because of his physical condition. He secured lighter work in the state of Texas, consisting of the firing of a boiler to operate a pump on a pressure line. No other duties were required of him. There is no evidence which establishes that claimant could have procured such work as he was able to do at a wage in excess of $4 per day.

The evidence, in our opinion, is sufficient to support the finding of the Commission that, because of his injury, claimant's wage-earning capacity had decreased from $7 to $4 per day.

Petitioners also contend that the Commission erred in awarding claimant compensation because of permanent partial disability. In this connection, Dr. Shaw testified that claimant is afflicted with chronic appendicitis. That this condition is, in his opinion, due to a blow received by him over the appendix and that by reason thereof he has sustained disability of 25 per cent. which will remain permanent unless the appendix is removed. Petitioners contend that instead of awarding claimant compensation for permanent partial disability it should have ordered him to submit to an operation at the expense of petitioners for the purpose of removing the appendix. This issue was not raised by petitioners before the Industrial Commission. They did not tender claimant an operation. In the absence of such tender they are not in a position to complain of the award in this respect.

The petition to vacate is denied.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concurring.

Note.—See under (1) annotation in L. R. A. 1916A, 266; 28 R. C. L. 828, 829.