## OKLAHOMA RAILWAY CO. v. CRABTREE et al.

No. 22454. Opinion Filed Jan. 19, 1932.

Hayes, Richardson, Shartel, Gilliland & Jordan; for petitioner.

Emerson & Duncan, for respondent J. A. Crabtree.

CULLISON, J. This is an original proceeding before this court to review an award of the State Industrial Commission made to James A. Crabtree on May 13, 1931. The award of May 13th, as corrected by order

of the Commission on May 23, 1931, reads as follows:

### Order.

"Now, on this 13th day of May, 1931, this State Industrial Commission being regularly in session, this cause comes on for consideration pursuant to motion by claimant to reopen upon change of condition, before Inspector William Noble, duly assigned by the Commission to conduct said hearing, on May 6, 1931, at Oklahoma City, Okla., at which hearing the claimant appeared in person and by his attorneys, Emerson & Duncan, the respondent being represented by A. W. Gilliland; and the Commission, after examining the testimony taken at said hearing and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"(1) That on the 13th day of November, 1930, the claimant, J. A. Crabtree, was in the employ of the respondent, Oklahoma Railway Company, and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date sustained an accidental injury, arising out of and in the course of his employment, consisting of injury to his left side.

"(2) That at the time of said accidental injury, the claimant's daily average wage was $3.20.

"(3) That the claimant has been paid temporary total compensation from the date of the injury to the 8th day of February, 1931, or was paid a salary during part of said time: and the claimant, showing a change in condition, is awarded temporary total compensation from February 8, 1931, and to continue compensation at $12.31 weekly until further ordered by the Commission; and to be furnished further medical attention.

"The Commission is of the opinion: By reason of the foregoing facts, that said claimant is entitled to temporary total compensation from February 8, 1931, to May 10, 1931, being 13 weeks at $12.31, in amount of $160.03, and to continue weekly payments of $12.31 until further advised by the Commission; and it is the opinion of the Commission the claimant is in need of further medical attention as result of aforementioned accidental injury.

"It is therefore ordered: That within 15 days from this date, the respondent Oklahoma Railway Company pay the claimant compensation in the sum of $160.03 from February 8, 1931, to May 10, 1931, or 13 weeks at $12.31 per week, and to continue payment of $12.31 weekly until further ordered by the Commission, and that all previous temporary total compensation has heretofore been paid; and the respondent is to furnish further medical attention necessary, as result of said injury. * * *"

Petitioner's sole proposition is that the award is not supported by the evidence and is therefore contrary to law.

The record discloses: That on or about November 13, 1930, claimant received an injury to his left side by reason of which he became disabled to perform ordinary labor, and was compelled to discontinue work on November 17, 1930. Claimant received medical treatment from Dr. J. E. Harbison, of Oklahoma City, on November 17th, and returned to work a week thereafter. Claimant worked one day and was again compelled to discontinue the performance of manual labor, this time for some two and a half weeks. Claimant again continued his work for petitioner, working three weeks before the aforementioned injury again rendered him unable to do his work. Claimant discontinued work again, this time for two and a half weeks, at the end of which time he returned to work and performed labor for petitioner until he was forced to quit such ordinary manual labor for petitioner by reason of the injury received, at which date, February 8, 1931, he asked for his time. The record further discloses that he attempted to work as aforesaid, and on February 8, 1931, his disability was such as to prevent him from performing manual labor, and he was temporarily totally disabled.

The Commission found that the disability was caused by the accidental injury received to the left side of the claimant. The record also shows that the parties to this action filed a stipulation and receipt with the Industrial Commission December 1, 1930, whereby claimant received $6.15 for temporary disability allegedly ending November 24, 1930, which was approved by order of the Commission on December 5, 1930. That another stipulation and receipt was filed December 26, 1930, and approved by the Commission January 2, 1931, whereby the claimant received the sum of $24.61 for temporary disability from November 13, 1930, the date of the accident, to December 19, 1930. That a third stipulation and receipt was filed January 13, 1931, with the Commission, the same being for temporary total disability from the date of the injury to January 8, 1931, for the sum of $30.77. This last stipulation and receipt is in a sum equal to that of both the combined prior stipulations and receipts and is intended as a final stipulation and receipt, the amount of $30.77 being the entire amount paid claimant by petitioner.

This final receipt was signed by claimant on January 8, 1931, while he believed himself to be well, and same was approved by

the Industrial Commission January 16, 1931. The receipt was executed by the claimant and approved by the Commission on the theory that claimant had fully recovered. Petitioners contend that there was no change in claimant's condition, for the reason the evidence tends to show that the claimant, a short time after signing the receipt, was still suffering from the injury to his left side. The Commission approved the final receipt tendered by petitioners on the theory that the claimant had recovered and petitioners should not now be heard to say that claimant had not recovered. The approval of this receipt by the Industrial Commission was not an award closing this case. It was not a finding that claimant had fully recovered. It was merely approval of the final payment as presented by petitioners. The fact that claimant was mistaken in believing that he had fully recovered and his attempt to go back to work should not be used against him.

Petitioners contend that, "since claimant has suffered with his side all the time since the injury, the testimony failed to show a change in condition as found by the State Industrial Commission."

Plaintiff's condition at the time of making the award was a question of fact before the Commission for its decision, and if its decision is found to be based upon any competent evidence reasonably tending to support the same, the same is binding upon this court.

In view of the record, facts, and circumstances in the instant case, the foregoing contention of petitioner cannot be sustained. The record shows that there was evidence before the Commission to the effect that the claimant was able to do ordinary manual labor prior to the injury, and subsequent to the last award made therefor claimant resumed work for a short time at the end of which time he became unable to work. Corroborating claimant's testimony that he went back to work and was able to work for a short time after his last award, counsel for petitioners voluntarily stipulated that claimant was paid compensation to January 9, 1931, and that he continued to work until February 8, 1931, when he was given his time. This admission, together with claimant's testimony, summarized, supra, shows that claimant worked for petitioner after the order of the Commission on January 16, 1931, approving the last compensation payment made to claimant.

It will be observed at the time of the last order of the Commission of January 16, 1931,

claimant was able to work and earn a salary, and in fact was working and earning said salary, but after the last award was made his condition became such that he could not work.

We think this evidence is sufficient to sustain the findings of the Commission that claimant's inability to perform manual labor is due to the accidental injury; that he has suffered a change in condition since the last award and that claimant is temporarily totally disabled.

The record in this case shows that claimant made application for additional award on April 22, 1931, in which he alleged a change of condition. We are further of the opinion that the record clearly discloses that claimant suffered the kind of a change in condition as contemplated under section 7296, C. O. S. 1921, and that the Commission was authorized to reopen said cause upon proper application and make the claimant an award.

In the case of Skelly Oil Co. v. Barker, 132 Okla. 279, 270 P. 566, this court laid down the rule:

"Under section 7296, C. O. S. 1921, the Industrial Commission is authorized on its own motion or upon application of an injured employee to reopen the case and make an additional award upon a changed condition of an employee or claimant, and, where said award is made upon a changed condition and there is any competent evidence reasonably tending to support the same, it will not be disturbed upon review by this court."

We think the foregoing principle of law is decisive of this case, under the facts presented for adjudication.

Where questions of fact are before the Industrial Commission for decision, the same is binding on this court if there is any competent evidence reasonably tending to support the same. This rule is so well established in Oklahoma that it needs no citation of authorities.

We are of the opinion and hold that the award of the Commission is amply supported by the evidence, and same is not contrary to law.

The petition to vacate the award is denied, and the award is in all things affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.