## CANADIAN MINING & DEVELOPMENT CO. et al. v. ROBBINS et al.

No. 22593.   Opinion Filed Feb. 2, 1932.

J. Fred Swanson, Ray McNaughton, and Arthur G. Croninger, for petitioners.

Commons & Chandler, for respondent Clarence Robbins.

CULLISON, J. This is an appeal from an order of the State Industrial Commission made and entered June 15, 1931, denying the motion of the petitioners herein to discontinue compensation to the claimant, Clarence Robbins.

The record discloses the following facts: Clarence Robbins, the claimant, sustained an accidental injury to his back September 23, 1930, while in the employ of Canadian Mining & Development Company, one of the petitioners herein. The attending physician's report was filed with the Commission September 27, 1930. Employer's first notice of injury was filed October 2, 1930, and the employer's insurance carrier reported to the Commission that an initial payment of compensation had been made to claimant on October 8, 1930, which said payment represented compensation from September 28, 1930, to October 4, 1930. Employee's first notice of injury and claim for compensation was filed with the Commission November 14, 1930, and a supplemental claim for compensation was filed December 3, 1930.

Petitioners herein filed with the State Industrial Commission a "motion to discontinue compensation" on November 21, 1930. In said motion the petitioners admitted the injury to claimant while in their employ, and further admitted that by reason thereof claimant was temporarily totally disabled up to and including October 30, 1930. Petitioners alleged therein that claimant was not disabled on and after October 31, 1930, and prayed the Commission to make an order discontinuing compensation to the claimant as of October 31, 1930.

Notice of hearing was given to all parties on May 29, 1931, and pursuant thereto a hearing was had before Chairman Thos. H. Doyle, at Miami, Okla., on June 10, 1931.

At said hearing there were but two witnesses. Dr. E. Albert Aisenstadt testified on behalf of the petitioners, and the claimant, Clarence Robbins, in his own behalf. At the conclusion of the testimony offered by petitioners and claimant, both sides closed, and the following oral order was made:

"By the Court: (Doyle) Motion to suspend compensation overruled."

Pursuant thereto, on June 16, 1931, the following written order was made and entered by the Commission in said cause:

"Order.

"Now, on this 15th day of June, 1931, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to a hearing had at Miami, Okla., on June 10, 1931, before Chairman Thos. H. Doyle, upon a motion of the respondent and insurance carrier herein to discontinue compensation, which motion alleges that the claimant, Clarence Robbins, was not disabled on and after October 31, 1930, as the result of an accidental injury received on September 28, 1930, while in the employ of respondent Canadian Mining & Development Company, at which hearing claimant appeared in person and by his attorneys, E. H. Beauchamp and A. L. Commons; the respondent and insurance carrier being represented by H. R. Palmer, and the Commission, after considering the testimony taken at said hearing, examining and considering the records on file in said cause, and being otherwise well and sufficiently advised in the premises, is of the opinion that said motion of the respondent and insurance carrier should be denied.

"It is therefore ordered, that aforementioned motion shall be and is hereby denied.

"Order by Chairman Doyle; Commissioner Fannin concurring."

"THD:KB

Petitioners appeal to this court for a review of the foregoing order of the Commission, urging as error that there was no competent evidence to support the award. The order complained of was made upon a hearing on petitioners' motion to discontinue compensation. At said hearing the burden of proof was upon the petitioners herein to establish to the satisfaction of the Commission that the disability of the claimant had ceased. This view has been heretofore expressed by this court in the case of Employers Liability Assurance Corporation v. Coffman, 147 Okla. 227, 296 P. 395:

"We are of the opinion that, the injury being admitted and the same being a compensable injury, the burden of proof was on petitioners to prove that the disability caused by the injury had ceased, and that the disability respondent is now suffering resulted from the disease. To announce any other rule would require the claimant to retry his case every time the insurance company stopped compensation. In this case the injury was admitted."

Again quoting from the Coffman Case:

"We are of the opinion that the burden was on petitioners to prove the disability resulting from the injury had ceased."

The burden of proof to establish the allegations in said motion to discontinue compensation was upon petitioners. The Commission having found they did not sustain that burden of proof, the following rule applies:

"The decision of the Industrial Commission is final as to all questions of fact if there is any competent evidence to reasonably support it. This court is not authorized to weigh the evidence upon which any finding of fact is based, and will consider that evidence only for the purpose of determining whether or not there is any competent evidence to reasonably support the findings of fact." Maney & Alley v. Fletcher, 140 Okla. 54, 282 Pac. 153.

Claimant alone testified in his own behalf. His testimony was to the effect that he was unable to perform labor as a result of his back injury. This testimony was in conflict with that of Dr. Aisenstadt, the expert testifying for petitioners. It is also observed that the doctor's testimony is in many ways at variance with his report to the Commission as attending physician to claimant.

The fact that the Commission, in weighing the testimony before it, gave greater weight to that of the claimant than to that of the expert witness on the question involved, is not error in view of the ruling of this court in the case of Creek Coal Mining Co. v. Paprotta, 73 Okla. 119, 175 P. 235:

"It is not error to permit a nonexpert witness to express an opinion concerning the physical ability of an injured person to perform labor, where such opinion is based upon facts that are obvious and does not call for the expression of an opinion arrived at by the process of reasoning and deduction."

It is difficult to make a set of rules that apply to every case. Each individual case must be determined upon its own peculiar facts and circumstances. The law must be given a liberal construction in order that it may serve its purpose. Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115.

**22**

The order of the Commission here sought to be reviewed was the decision of the Commission upon a question of fact before it. There being ample evidence to sustain said finding of fact by the Commission, the well-known rule of this court in Industrial cases applies, viz.:

"Where there is competent evidence tending to sustain the findings of fact made by the State Industrial Commission, the same is conclusive on the court." Loffland Brothers Co. v. State Industrial Commission, 148 Okla. 190, 298 P. 259.

The petition to review the order of the Commission denying the motion of petitioners to discontinue compensation is denied, and the order of the State Industrial Commission is affirmed.

LESTER, C. J., and HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.

Note.—See under (1), annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116.