## COLINE OIL CORP. v. CLARK et al.

No. 22372. Opinion Filed Nov. 29, 1932.

Rehearing Denied Jan. 3, 1933.

Rainey, Flynn, Green & Anderson, John P. Roemer, L. A. Marrs, and M. M. Gibbens, for petitioner.

Cooke & Jackson, G. G. McBride, and A. L. Jeffrey, for respondent H. C. Clark.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondent State Industrial Commission.

CULLISON, J. This is an original action in this court to review an award of the State Industrial Commission made and entered May 5, 1931, in favor of H. C. Clark, claimant.

The record discloses that claimant, H. C. Clark, was injured July 25, 1930, while working for petitioner in a hazardous employment. Claimant was stricken while cleaning up an oil lease of petitioner, suffering a cerebral hemorrhage which later resulted in partial paralysis of the right face, arm, body, leg, and impairment of his mind. Four days thereafter claimant signed a first notice of injury as prepared for him by petitioner, alleging right leg and hip injured. Compensation was paid therefor for one week, and the same approved by award of the Commission of September 4, 1930. On October 22, 1930, claimant, through his wife, filed another first notice of injury by reason of the same accident, stating claimant's mind had been injured. Thereafter, on January 23, 1931, claimant was adjudged insane and committed to the State Hospital for the Insane at Norman, Okla. Claimant's guardian filed with the Commission her amended motion to reopen the case, alleging that as a result of the injury claimant had been rendered mentally irresponsible, and hence did not know that the leg and hip paralysis was the direct result of the brain hemorrhage suffered by him.

Hearings were had and on May 5, 1931, the Commission entered its award, which finds, in substance, that as a result of the aforesaid injury claimant was temporarily totally disabled from performance of ordinary manual labor from date of injury; that claimant had been paid one week's compensation; and ordered petitioner to pay claimant's guardian the amount of compensation then accrued, and to continue paying her at the rate of $17.31 per week until further order of the Commission.

Petitioner complains of said award, and alleges as error: (1) That the Industrial Commission was without jurisdiction to make the award in this cause; (2) that there is no competent evidence in the record upon which to base an award against this petitioner; and (3) that the order and award of the State Industrial Commission is contrary to law.

Under the first proposition of petitioner, supra, it is contended that without a change in condition the first award for temporary total disability became absolute and final, and that the award of May 5, 1931, for temporary total disability for the head injury exceeded the jurisdiction of the Commission.

We observe that there was before the Commission an amended motion to reopen, alleging change of condition, and that the record contains competent evidence reason-

ably tending to support an award made by reason of change in conditions, and hold that the failure of the Commission to make an affirmative finding of a change in conditions did not constitute reversible error, in view of the holding of this court that a general finding in favor of claimant is, in effect, a favorable finding on each and every special matter necessary to support the general finding. Wentz v. Brookshire, 150 Okla. 92, 300 P. 652. The contention of petitioner that the fact of an award having been made claimant for temporary total disability by reason of his leg and hip disability now operates as a bar to an award for temporary total disability by reason of the cerebral hemorrhage which caused the partial paralysis of leg and hip, and later the impairment of claimant's mind, cannot stand, in view of this court's holding in Campbell & Parker v. Lafette, 155 Okla. 51, 7 P. (2d) 678. In that case claimant was awarded compensation for temporary total disability by reason of a change in conditions subsequent to a prior award for temporary total disability, and the award was by this court affirmed.

Petitioner next contends that the award is unsupported by any competent evidence, and that certain testimony adduced was incompetent. A careful examination of the record discloses competent evidence reasonably tending to support the award. It is a cardinal rule of this court that, in an action to review an award and judgment of the Commission, this court will not review conflicting evidence and determine the weight and value thereof, and where the judgment and award of the Commission is supported by competent evidence, the same will not be disturbed by this court on review. Nash-Finch Co. v. Olen M. Harned, 141 Okla. 187, 284 P. 633.

Petitioner contends lastly that the award is contrary to law. We think that a strain resulting in cerebral hemorrhage and causing partial paralysis is compensable under our Workmen's Compensation Law. Metcalf v. Department of Labor & Industries (Wash.) 11 P. (2d) 821.

Petitioner raises certain other minor and technical objections to the award, which we find, after examination, to be without merit.

The award of the Commission is, therefore, affirmed.

LESTER, C. J., and SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R.

C. L. 823, 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.