## PIERCE PETROLEUM CORP. et al. v. COFFMAN et al.

No. 23239. Opinion Filed Nov. 29, 1932.

A. C. Saunders, for petitioners.

Charles Hill Johns, for respondents.

CLARK, V. C. J. This is an original action filed in this court by petitioners to review an award of the State Industrial Commission, made and entered on the 4th day of December, 1931, in favor of respondent W. M. Coffman, after hearings had upon a motion filed by petitioners herein on July 3. 1931, alleging, first, payment of compensation to July 2, 1931, and that payment had been suspended; and

"That claimant has fully recovered from injury which he sustained February 17, 1930, and that his present condition has no connection with the injury sustained, but that he is suffering from a systemic condition for which respondent and insurance carrier are not liable."

The Industrial Commission found that, on the 27th day of June 1930, the Commission made and entered an order awarding claimant compensation, and had ordered that payment of compensation be continued until further order of the Commission; and found, as a result of accidental injury received by respondent herein, Coffman, that he was temporarily totally disabled from the date of the accident, and is temporarily totally disabled at this time, and ordered that the petitioners herein should resume payment of compensation from the 2nd day of July, 1931, and continue until otherwise

ordered by the Commission, and ordered payment of reasonable medical expense incurred and to continue treatment until otherwise ordered by the Commission, and that the petitioners' motion to discontinue payment of compensation should be and the same is overruled.

The record discloses that an award was made and entered on the 27th day of June, 1930, in favor of W. M. Coffman, respondent herein, and against petitioners herein, wherein the Commission found that on the 17th day of February, 1930, respondent Coffman was in the employ of petitioners and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Act, and that on said date respondent Coffman sustained an accidental personal injury arising out of and in the course of his employment, and ordered payment of compensation to the date of the trial, and that payment should continue until the termination of respondent's disability, or until further ordered by the Commission. From which award, made and entered on the 27th day of June, 1930, the petitioners filed an original action in this court for review of said award, which award was affirmed by this court (147 Okla. 227, 296 P. 395).

The petitioners assemble all of their assignments of error under one heading as follows:

"There is no competent evidence upon which the State Industrial Commission was justified in continuing the order and award and overruling motion to discontinue compensation."

There is medical evidence in the record that respondent Coffman's condition has not changed since the last hearing had on May 28, 1930, upon which the original award was made, that was affirmed by this court, and his condition is probably a little worse now than it was then; that his present condition is due to the effects of the infection which was the result of the injury, together with disabilities aggravated and lighted up by reason of the injury, and that the respondent is unable to work, and is now totally disabled.

The finding of the State Industrial Commission that the respondent herein is still totally disabled, by reason of the accidental injury received by him, is a finding of fact which is binding and conclusive on this court where there is any competent evidence to support said finding; and upon a review of the evidence we are of the opinion that there is competent evidence supporting said finding.

176

The judgment and award of the State Industrial Commission is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, ANDREWS, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.