## SINGER PIPE & SUPPLY CO. et al. v. HOUSTON et al.

No. 23905. Opinion Filed April 18, 1933.

Pierce, Follens & Rucker and A. M. Covington, for petitioners.

Carmon C. Harris, for respondent.

WELCH, J. On February 3, 1932, the State Industrial Commission entered its order wherein it was found that the respondent herein, Ted Houston, sustained an accidental injury within the provisions of the Workmen's Compensation Law of the state, while in the employ of Singer Pipe & Supply Company, one of the petitioners in this cause. Under the terms of the order the respondent was awarded as compensation the sum of $8.08 per week for not exceeding a period of 300 weeks.

The order contained a finding that claimant had sustained a permanent partial disability as defined by section 13356, O. S. 1931. Respondent had sustained an injury to his back and the nature of the injury was such as to bring the same within the provisions of the subdivision of said section referring to "other cases," which provides:

"Other cases: In this class of disabilities the compensation shall be sixty-six and two thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise payable during the continuance of such partial disability, not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon the application of any party in interest."

No appeal was taken from this order, and the same was complied with by petitioners herein up to April, 1932, when petitioners filed with the State Industrial Commission a motion to suspend the payment of compensation provided for therein. The motion alleged that the disability resulting from the injury had ceased to exist. Hearings were thereafter conducted by the Commission upon such motion, and witnesses were introduced on behalf of the respective parties in interest. At the conclusion of the hearing the Industrial Commission made its order denying the motion to suspend payments, and ordered that the former order of February 3, 1932, be continued in full force and effect. The Commission, upon the conclusion of the last-mentioned hearing, also ordered that certain pro rata parts of the payments be made to claimant's attorney until a total fee of $160 had been paid.

In due course petitioners filed their original action in this court, seeking a review

of the action last taken in the matter by the State Industrial Commission.

Petitioners urge that under the applicable provisions of the Workmen's Compensation Act of this state, the State Industrial Commission may at any time reconsider the degree of impairment, and that a duty rests upon the Commission to decrease the rate of compensation when it is shown that the claimant's wage-earning capacity has increased. As we view the contentions made, they are in the final analysis to the effect that under the evidence taken upon the hearing it was conclusively shown that claimant's earning capacity at the time of the hearing was as great as it had been at the time of the injury, and that the finding of the Commission to the effect that claimant's earning capacity had not been increased since the time of the injury is not supported by the evidence.

Upon the hearing had before the State Industrial Commission, the question of whether or not claimant's earning capacity had increased since the date of the order of February 3, 1932, was one of fact to be determined from the evidence. It is a settled rule in this state, that where there is evidence reasonably tending to support the order of the State Industrial Commission, such order is conclusive upon this court, and that the findings of the State Industrial Commission as to all questions of fact are final and conclusive, and are not subject to review by this court. Cameron Coal Co. v. Dunn, 85 Okla. 219, 205 P. 503; Brooks & Dahlgren, Inc., v. Dollar, 156 Okla. 155, 9 P. (2d) 926. The burden of proof of the allegations of the motion was upon the petitioner, Canadian Mining & Developing Co. v. Robbins, 155 Okla. 20, 7 P. (2d) 886; Employers' Liability Assurance Corporation v. Coffman, 147 Okla. 227, 296 P. 395.

There appears to be a sharp conflict in the testimony of the medical experts as to the physical condition of the claimant at the time of the hearing; petitioners' witnesses testifying that in their opinion, based upon their examination, the claimant was suffering no impairment as the result of the injury. On the contrary the testimony on the part of claimant's expert witness was to the effect that in his opinion claimant was still suffering a 25 per cent. permanent partial disability as a result of the original injury, which appears to be the same percentage of disability found to have been sustained on the original hearing as shown by the order of the Commission on February 3, 1932.

The claimant testified that he had been doing no heavy physical labor since the date of the former order; that he was doing some light work in a secondhand clothing store, which was the same kind of work he was performing at the time of the former hearing; that he is unable to do manual labor which would require him to stand on his feet.

It was developed by the testimony of claimant that an oil company had recently offered him employment as an oiler at a salary of $80 per month, which would have been equal to the earnings of claimant prior to his injuries. That this was light work and such that claimant felt he would be able to do. Claimant was anxious to accept the employment and was willing that the compensation payment cease if he obtained this employment; the job, however, failed to materialize because, according to petitioners' contention, of depressed business conditions, and not from lack of inclination or ability of claimant to do the work. Petitioners insist that by reason of claimant's statement that he felt able to do the work, such statement on his part was an admission by him that his earning capacity was not impaired, and that he was thereby concluded from receiving further compensation payments.

We do not agree with this contention. We agree that such statements were properly considered by the State Industrial Commission, the same as any other evidence as tending to establish the fact of the degree of impairment of claimant's earning capacity at the time of the hearing, but we are of the opinion that such statements only indicate a willingness to do any work which he felt able to do. He might have undertaken to perform the work if he had in fact been successful in obtaining the job, and then discovered that he was not physically able to do the work. The subject of inquiry was the actual status of claimant's earning capacity and not necessarily what any particular person thought it was. The determination of the facts pertinent to the question was within the exclusive province of the State Industrial Commission, and its determination thereon will not be disturbed by this court when there is any competent evidence reasonably tending to support the same.

No complaint is made of that part of the order allowing attorney's fee, unless it be determined that the payments to the claimant should cease. We do not determine herein that such payments should cease, and it appearing that the allowance of attorney's

fee is reasonable, we do not disturb the order in regard to attorney's fee.

The record herein disclosed competent evidence reasonably supporting the findings of fact upon which the order of the State Industrial Commission denying the motion to discontinue compensation is based, and the same is therefore affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur.