## VAN NESS CONST. CO. et al. v. WALTCHER et al.

No. 28837. Oct. 3, 1939.

Rehearing Denied Nov. 14, 1939.

Rolland O. Wilson and Orbie E. Siler, both of Oklahoma City, for petitioners.

W. P. Morrison, Ralph H. Schaller, McVey & Randolph, and Mac Q. Williamson, Atty. Gen., all of Oklahoma City, for respondents.

PER CURIAM. In this proceeding, Van Ness Construction Company, hereafter referred to as petitioner, and its insurance carrier seek a review of an order made by the State Industrial Commission which denied its application to discontinue payment of compensation for temporary total disability to Harold K. Waltcher, hereafter referred to as respondent.

The essential facts are not in dispute. On April 18, 1936, the respondent while in the employ of the petitioner sustained a compensable accidental injury. The petitioner furnished necessary medical attention and hospital care, and, on July 3, 1936, applied to the Industrial Commission for authority to pay compensation to respondent on account of his temporary total disability at the minimum rate provided by statute. (Subdivision 5, sec. 13356, O. S. 1931, 85 Okla. St. Ann. § 22, subd. 5.) This application was granted by the commission in an order dated July 8, 1936 (subsequently corrected) and which directed the petitioner to pay compensation until the temporary total disability of the respondent should cease or until otherwise ordered by the commission. Thereafter, on August 13, 1936, the petitioner filed with the commission its application to discontinue any further payments to the respondent for the assigned reason that respondent's temporary total disability had terminated on July 27, 1936. After leaving the hospital the respondent went to the home of a sister at Wellington, Kan., and then to the home of an aunt in Kansas City, and wrote the petitioner advising it that he was still disabled and in need of further medical care and attention, which he requested. The petitioner declined this request for the reason that it had theretofore filed its application with the commission to discontinue any further payments of compensation. Respondent's aunt thereupon had him examined and given treatments by some physician in Kansas City and paid most of the bills for such services. On December 11, 1936, respondent, without consulting his aunt or taking medical advice, enlisted in the United States Marine Corps and was assigned to service with the fleet on the Pacific Coast. Shortly after entering such service, respondent was subjected to disciplinary action, and upon informing his superiors that he was not well, he was confined in sick bay and thereafter given a medical survey and honorably discharged from the service on August 20, 1937, on account of disability to perform his duties. Respondent thereupon returned to Oklahoma and in the fall of 1937 appeared before the commission for the purpose of contesting the application to discontinue which had theretofore been filed by the petitioner. At the various hearings held by the commission in this connection, the respondent produced one doctor and four lay witnesses and testified in his own behalf and also offered in evidence the depositions of the doctors who had examined him and treated him in Kansas City. The testimony of the doctor who appeared for the respondent as well as that of the doctors who testified by depositions was to the effect that the respondent was unable to perform ordinary

manual labor, and that his condition might improve by treatment, and therefore was presumably temporary, and that such condition was attributable to the original injury which respondent had sustained in April, 1936. The petitioner orally objected to the introduction of the depositions for the assigned reason that the proper notice for the taking of same had not been served in the manner provided by statute, and subsequently filed written objections to portions thereof. Petitioner in support of its application introduced the doctor who had treated respondent immediately after his injury, and also the doctor who had examined him in July, 1936. The testimony of these doctors tended to establish the contention of the petitioner that the respondent's temporary disability had ceased at about the time stated in the application to discontinue payments, and that no permanent disability had been sustained by the respondent. The Industrial Commission found that respondent's temporary total disability had ended on December 11, 1936, and that thereafter he had a change in condition which had resulted in a return of his temporary total disability subsequent to August 20, 1937, and thereupon denied the application of the petitioner to discontinue payments and directed petitioner to pay accrued compensation and to continue compensation payments at the same rate as before until the temporary total disability of respondent should end, or until otherwise ordered by the commission, and further ordered petitioner to pay all reasonable and necessary medical expenses theretofore incurred by respondent. This is the order which we are here called upon to review.

The petitioner and its insurance carrier, as grounds for the vacation of the aforesaid order, urge, in substance, that all of the competent evidence introduced at the proceedings before the commission shows that respondent's temporary total disability ceased on July 27, 1936, and that any subsequent disability which he may have had was not due to the original injury, and that the provision in the order which requires petitioner to pay all reasonable medical bills incurred by respondent is invalid and contrary to law. The sole question presented to the Industrial Commission by the application of petitioner to discontinue further payments of compensation for temporary total disability was whether the previously admitted disability of respondent had ceased, and, if so, whether any permanent disability had ensued. Oak Drilling Co. v. Gibbons, 183 Okla. 586, 83 P.2d 816; Davon

Oil Co. v. State Industrial Commission, 177 Okla. 612, 61 P.2d 579. The burden of proof in such proceeding rested upon the petitioner. As pointed out in the case of Singer Pipe & Supply Co. v. Houston, 163 Okla. 111, 21 P.2d 33:

"When a motion to discontinue compensation is filed in a case pending before the State Industrial Commission of this state, the burden of proving the allegations contained in the motion rests upon the movant."

See, also, Canadian Mining & Developing Co. v. Robbins, 155 Okla. 20, 7 P.2d 886; Employers Liability Assurance Corp. v. Coffman, 147 Okla. 227, 296 P. 395.

The parties appear to have overlooked the above rule in the proceedings had before the commission, and the argument of the petitioner here is addressed in a large measure to the weight which the commission should have given to the medical testimony and involves a discussion of the sufficiency of such evidence to establish a causal connection between the present disability of the respondent and his original injury. For the reasons above stated, this was not involved in the proceeding, and the commission was at liberty to choose which witnesses it would believe and the credibility which it would give to their testimony upon the questions which they properly had under consideration. Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P.2d 847.

The contention of the petitioner that the depositions offered in evidence by the respondent were not admissible cannot be sustained. These depositions appear to have been taken in the manner prescribed for the taking of depositions in civil actions. This was sufficient, and they were properly admissible in evidence. See section 13389, O. S. 1931, 85 Okla. St. Ann. § 82; Joy v. State Industrial Commission, 182 Okla. 1, 75 P.2d 1120; Standard Coal Co. v. State Industrial Commission, 139 Okla. 269, 281 P. 966. Likewise the Industrial Commission had authority to direct payment of compensation for temporary total disability which it found respondent had after August 20, 1937. Amerada Petroleum Corp. v. White, 179 Okla. 82, 64 P.2d 660; Coline Oil Corp. v. Clark, 161 Okla. 195, 17 P.2d 372; Campbell & Parker v. LaFette, 155 Okla. 51, 7 P.2d 678; Oklahoma Ry. Co. v. Crabtree, 154 Okla. 196, 7 P.2d 477.

The final contention of the petitioner is well taken and must be sustained. The right of an employee to medical care and attention and the liability of the employer

therefore are regulated by statute (section 13354, O. S. 1931, 85 Okla. St. Ann. § 14), and the authority of the commission to approve claims for such services is limited to the conditions therein named. Section 13364, 1931, 85 Okla. St. Ann. § 30. In the proceedings had in connection with the order here under review, the Industrial Commission had nothing before it upon which to exercise its jurisdiction to act upon any claim for medical services, and therefore that portion of the order which attempts to direct payment of all reasonable medical expenses incurred by respondent is outside of and beyond the issues which the commission was called upon to determine, and hence is invalid and contrary to law. Since the order is a proper one in all other respects and appears to be supported by competent evidence in the record, the provision relative to payment of medical expenses will be stricken therefrom and otherwise the order will not be disturbed.

Order sustained as modified.

BAYLESS, C. J., and CORN, GIBSON, HURST, and DAVISON, JJ., concur.