ECONOMY LBR. Co., INC., et al., v. JONES et al.

*98 P. 2d 1085.*

No. 29408.    Jan. 30, 1940.

Petition for Rehearing Withdrawn Feb. 19, 1940.

Butler, Brown & Rinehart, of Oklahoma City, for petitioners.

Wayne C. Evans, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original action brought by the Economy Lumber Company and the Tri-State Casualty Insurance Company, insurance carrier, hereinafter referred to as petitioners, seeking to obtain a review of an award for temporary disability entered in favor of Stonewall Jackson Jones, hereinafter referred to as respondent. On the 2d day of November, 1938, respondent received an injury arising out of and in the course of his employment as a laborer with the employer. Before a claim was filed the insurance carrier filed Form 6 report of initial payment. This was filed November 21, 1938; it stated the nature of the injury to be a fractured skull. The attending physician's report, filed the same date as the report of initial payment, described the injury as a fracture at the base of the skull. The employer's first notice of injury, filed the same date as the report of initial payment and medical report in the blank provided for nature and extent of injury, stated "fracture and extent not known." Thereafter two claims were filed by the respondent. The first, filed November 28, 1938, stated the nature and extent of the injury as head and back injury. The second, filed February 3, 1939, listed the injury as fractured skull, ribs, and sprained back.

On February 9, 1939, the petitioner filed Form 16, notice of suspension of payments, alleging payments from the date of the injury to and including January 15, 1939, and therein it is stated that the written report of Dr. J. O. Love, dated January 10, 1939, accompanies the notice and discloses that the respondent was released and able to return to work on said date. On the 8th day of March, 1939, due notice having been given, the State Industrial Commission conducted a hearing to determine the extent of disability.

Testimony on behalf of respondent was to the effect that he was injured while unloading lumber for the employer; that he was hit by a two-by-four, knocked over backward, and as he fell lumber struck him across his back; that he went to the hospital and remained three weeks. He has not been able to work since, although he tried to carry a bucket of water from outside the house into the house. He stated that he has to stay in bed practically all of the time. At the hearing, Dr. J. O. Love, Dr. D. B. Childs, and Dr. Ned R. Smith testified as to the mental and physical condition of respondent. The purport of the testimony is that the respondent is suffering from a mental disturbance due to and connected with the accidental injury of November 2, 1938. Dr. Childs testified that he examined the respondent on February 9, 1939, and again on March 7, 1939. He stated that the respondent was unable to perform manual labor aside from his mental condition, and that in his opinion the condition was a result of the accidental injury.

Following this hearing, the State Industrial Commission entered an order dated March 13, 1939, directing payment of $80 for temporary disability from November 2, 1938, to January 15, 1939. The respondent filed a motion to vacate this award, and then filed a motion alleging that he was in need of further medical attention and treatment, and therein prayed for a hearing to determine the extent of disability. The motion to vacate was denied.

Thereafter, on July 21, 1939, a further hearing was conducted, and Dr. Childs, who had formerly testified, and Dr. Roy L. Smith testified for the respondent. Following this hearing the State Industrial Commission entered an award dated July 27, 1939, finding that on May 2, 1939, the respondent sustained a change in condition by reason of which he is now temporarily totally disabled and ordered payment in accordance with such finding. Petitioners seek to review this

award and their allegations of error are to the effect that the award is not sustained by any competent evidence.

The testimony of Dr. D. B. Childs was that the respondent is in the same condition that he was on February 9, 1939, when he examined him, and on March 8th, when he gave his first testimony. Dr. Roy L. Smith stated, in substance, that the respondent is suffering from a mental disability connected with physical disability as a result of the accidental injury. It is to be gathered from the record that the respondent is suffering chiefly from a mental disability or neurotic state by reason of which he assumes as a matter of fact that he is in such a physical condition by reason of accidental injury that he is unable to return to work. There is also evidence in the record from which the State Industrial Commission is warranted in finding that there is at least a slight physical disability to the back in addition to the mental state of the respondent. Dr. Smith states that the condition of the respondent is definitely connected with his injury of November 2, 1938; that in his opinion the respondent needs further medical treatment and is in no condition to perform manual labor.

We are of the opinion that the testimony of Dr. Roy L. Smith, together with the other testimony in the record, affords competent evidence from which the State Industrial Commission was warranted in finding that the respondent is mentally and physically disabled as a result of the accident of November 2, 1938.

Petitioners assert that the evidence discloses without contradiction that the respondent is in the same condition that he was on March 13, 1939, and that the finding of the State Industrial Commission is without competent evidence reasonably tending to support the same. The question of whether or not an injured employee is temporarily disabled by reason of an accidental injury is one of fact to be determined by the State Industrial Commission. We have held that the State Industrial Commission has authority to direct payment for temporary disability which is found to exist after the date of injury. Van Ness Construction Co. v. Waltcher, 185 Okla. 657, 95 P. 2d 858; Amerada Pet. Corp. v. White, 179 Okla. 82, 64 P. 2d 660; Coline Oil Corp. v. Clark, 161 Okla. 195, 17 P. 2d 372; Campbell & Parker v. Lafette, 155 Okla. 51, 7 P. 2d 678; Oklahoma Ry. Co. v. Crabtree, 154 Okla. 196, 7 P. 2d 477; Earl W. Baker & Co. v. Holcomb, 160 Okla. 129, 16 P. 2d 64; Hamilton & Hartman v. Badgett, 164 Okla. 31, 22 P. 2d 350. In Amerada Petroleum Corp. v. White, supra, an award was first made for temporary disability. Application was filed to determine the extent of disability and an award was denied for permanent disability. The court thereafter entered a further order for temporary disability. In Earl W. Baker & Co. v. Holcomb, supra, the State Industrial Commission entered an award for temporary total disability and continued the cause to a future date to determine any permanent disability. It was held that the commission was not precluded, on a subsequent hearing, from determining the extent of the disability, and an order for further payment for temporary total disability was sustained by this court.

In Hamilton & Hartman v. Badgett, supra, a prior order stated that there was no evidence to establish temporary disability after June 14, 1928. Thereafter, on March 26, 1929, the State Industrial Commission entered an order finding that respondent had been temporarily totally disabled from May 28, 1927. In commenting thereon the court said:

"If an injured employee sustains a compensable injury which results in temporary total disability, and, if at the time of the hearing to determine the extent of such disability the injury is of such a nature and character that the extent of such disability cannot then be determined, then the commission is authorized to award such employee compensation for temporary total disability under the schedule of compensation provided for in section 7290, C. O. S. 1921, as amended, not in excess of 300 weeks during the continuance of such temporary total disability, or until such time arrives within said period of limitation when it

can be ascertained or determined that such temporary total disability has ended or ceased. See Dosen v. East Butte Copper Mining Co., 78 Mont. 579, 254 P. 880."

We therefore hold that there was competent evidence reasonably tending to support the finding under the statute authorizing awards for temporary disability when the prior order found that he was temporarily disabled from November 2, 1938, to January 15, 1939, and there is competent evidence in the record reasonably tending to support the finding of the State Industrial Commission that on May 2, 1939, he was temporarily and totally disabled as a result of the accidental injury. As stated above, we find competent evidence in the record reasonably tending to support the finding that on May 2, 1939, the respondent was temporarily disabled, and that such disability was a direct result of the accidental injury.

The award is sustained.

BAYLESS, C. J., WELCH, V. C. J., and CORN, HURST, and DAVISON, JJ., concur.