Bobby Ellis TENNISON, Petitioner,

v.

The STATE INDUSTRIAL COURT, H. A. Neely Construction Company and Tri-State Insurance Company, Respondents.

No. 42311.

Supreme Court of Oklahoma.

July 10, 1967.

Geo. P. Striplin & Vural L. Gilley, by Vural L. Gilley, Tulsa, for petitioner.

Rhodes, Hieronymus, Holloway & Wilson, Philip N. Landa, Tulsa, Charles R. Nesbitt, Atty. Gen., for respondents.

IRWIN, Vice Chief Justice.

Presented for review is an order of the State Industrial Court terminating the payment of temporary total compensation to petitioner, Bobby Ellis Tennison, claimant below. Parties will be referred to as they appeared in the trial tribunal.

On December 10, 1965, claimant filed his claim asserting that while employed by respondent as a bricklayer on November 1, 1965, he slipped and fell and sustained total disability to his back. Respondent denied claimant sustained an accidental injury and had sustained either temporary total or permanent disability.

On March 1, 1966, after hearing, an order was entered holding that claimant sustained an accidental injury to his back in the course of his employment on November 1, 1965, and directed respondent to pay claimant temporary total compensation from November 24, 1965, during claimant's temporary total disability, not to exceed 300 weeks, or until further order of the court. Respondent complied with such order and paid claimant compensation through July 13, 1966.

Respondent filed its notice and motion to suspend compensation as of July 14, 1966, because no further treatment was needed and that claimant was able to return to work and requested the cause be set for hearing. Attached to the notice and motion was the written report of Dr. R who had treated claimant as a private patient and had been claimant's personal doctor for several years.

At the hearing which forms the basis of the order under review, the written report of Dr. R was submitted in evidence by the respondent without objection by the claimant. The pertinent findings made in the report of Dr. R based on his previous treatment of the claimant and particularly on an examination made on July 8, 1966, are as follows:

"* * * The patient was carefully examined with reference to the back and lower extremities, being undraped to do so. The gait is normal. There is no limp on either leg. The posture is normal. There is no list. Forward flexion is not limited. With legs completely extended he is able to reach within two inches of the floor with the finger tips. Lateral Flexion to the right and left is not limited. There is no paralumbar muscle spasm. The normal lumbar lordosis is present. * * * There is no limitation of motion in the hips, knees or ankles. There is no deformity of either lower extremity. There is no gross weakness of either leg. There is no evidence of sciatic nerve root irritation or pressure. * * * There was no tenderness in the ligamentous structures about the posterior superior iliac spine on the right or left. The right and left knee jerks are present and active, as are both ankle jerks. There is no hypesthesia.

"X-rays: A–P and lateral views of the lumbar spine were made, as well as a flexed lateral view and these revealed the following findings: The bone density is normal. There are no gross arthritic changes present. There is no spondylolisthesis. There are no congenital defects. There is no evidence of fracture or dislocation. There is narrowing of the intervertebral spaces. A solid fusion exists between L–5 and S–1.

"* * * This patient's examination shows no change since my last report. X–rays, together with a special bending film, reveals solid fusion at the fifth lumbar interspace and there are no abnormal objective neurological or orthopedic tests which reveal anything grossly disabling. It should be recalled that prior to my last report the patient was admitted to the hospital and myelogram tests performed and this test was found to be normal.

"I see no basis for resuming treatment of any type in this patient and feel that he can be released for return to his usual duties."

At the hearing the trial judge asked counsel for the claimant if he had "any medical to offer". Counsel replied "No, your Honor". The hearing was limited solely to the question of the termination of claimant's temporary total compensation. The question of the right of claimant to recover "for permanent partial disability" was specifically reserved for a future hearing.

The trial judge sustained the motion of the respondent to terminate the payment of temporary total compensation and made findings as follows:

"That on March 1, 1966, the Court entered an order finding that claimant sustained an accidental personal injury to his back on November 1, 1965, and awarded claimant temporary total compensation from November 24, 1965 to February 23, 1966, in a lump sum and continued the payments for a period not to exceed 300 weeks or until further order of this court.

"That respondent and insurance carrier complied with said order and paid temporary total compensation to and including July 13, 1966, at which time they filed their motion to suspend payment or compensation.

"That said motion of respondent and insurance carrier to suspend compensation as of July 14, 1966, be sustained.

"That claimant's permanent partial disability, if any, be reserved for further hearing."

The order of the trial judge was sustained by the State Industrial Court sitting en banc and this appeal is prosecuted from such order.

Claimant contends that the trial court did not make definite findings of fact and conclusions of law in sustaining the motion of the respondent to terminate the payment of temporary compensation.

In Van Ness Const. Co. v. Waltcher, 185 Okl. 657, 95 P.2d 858, we held that in a proceeding to discontinue further payment of compensation for temporary total disability, the only questions properly presented for determination are whether the temporary disability has ceased and, if so, when and whether any permanent disability has ensued. In the instant proceeding, the trial court specifically reserved for further hearing claimant's permanent partial disability, if any. Therefore the only issue presented to the trial tribunal was whether the temporary total disability of claimant has ceased. This issue was resolved in favor of respondent and the order, when the same is considered in connection with the only issue presented, is not too indefinite and uncertain for judicial interpretation as to require reversal. See Hackley v. Dalles Nursing Home, Okl., 372 P.2d 586; Skaggs v. Bennett Van & Storage, 204 Okl. 32, 226 P.2d 419; Nash v. Douglas Aircraft Co., 202 Okl. 459, 214 P.2d 919.

Claimant next contends that when an award of the State Industrial Court for temporary total disability has become final, the matters therein decided become res adjudicata between the parties and the presumption is that such disability continues; and in order to suspend the compensation for temporary total disability it was necessary for respondent to show a change of condition by competent evidence to overcome the presumption that the disability continues.

Title 85 O.S.1961, Sec. 22(2), provides that in case of temporary total disability, the schedule of compensation is 66⅔% of the average weekly wage during the continuance thereof, but not in excess of 300 weeks. In National Well Service v. Brumley, 204 Okl. 190, 228 P.2d 638, we said that the disability of an injured employee during the healing period should be compensated as temporary total disability or temporary partial disability in accordance with the facts; and that temporary total disability means the healing time that an employee, by reason of his injury, is unable to perform any kind of labor, or is totally disabled, but the law does not require an injured employee to continue to work if it will cause him continuously to suffer serious discomfort and pain while so engaged. In Van Ness Const. Co. v. Waltcher, supra, we said that in a proceeding to discontinue payment of compensation for temporary total disability, the only question is whether the temporary total disability has ceased and the burden of proof is upon the party seeking to discontinue such payments.

The only medical evidence offered was that of the respondent which is sufficient to sustain a finding that claimant's temporary total disability had ceased.

The order of the State Industrial Court is sustained.

All the Justices concur.