ANGELO G. TARQUINIO *v.* ROGER A. PELLETIER

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 120802
AT NEW HAVEN

Memorandum filed April 21, 1970

*James W. Bracnaro,* of Shelton, for the plaintiff.

*Roger A. Pelletier,* pro se, the defendant.

SHEA, J. The defendant, who appeared pro se, has been defaulted for failure to plead, and the case was then assigned for a hearing in damages. The defendant did not attend this hearing, nor did anyone appear in his behalf.

The complaint alleges that the defendant committed adultery with the plaintiff's wife on May 13, 1969, and at other times before and after that date and that the plaintiff has lost his wife's society, assistance, and affection and has suffered distress of mind and body as a consequence. These allegations are patterned after Practice Book, Form 207, euphemistically entitled "Criminal Conversation."

The court raised the question of the effect of the enactment of General Statutes § 52-572b on the action stated in the complaint and directed counsel for the plaintiff to submit claims of law. This statute provides as follows: "No action shall be brought upon any cause arising after October 1, 1967, from alienation of affections or from breach of a promise to marry." It is clear that the statute would bar this suit, which is based upon occurrences after October 1, 1967, if the statute is applicable to an action for criminal conversation.

The torts of alienation of affections and criminal conversation both involve interference with the conjugal relationship. Prosser, Torts (3d Ed.) § 118. They are distinct causes of action, however, in regard to the elements necessary to establish liability and also the damages recoverable. *Valentine* v. *Pollak,* 95 Conn. 556; *Maggay* v. *Nikitko,* 117 Conn. 206.

In Pennsylvania and in Maryland, where statutes prohibiting alienation of affections suits have been enacted in form similar to General Statutes § 52-572b, the statutory ban has not been construed to include actions for criminal conversation. *Antonelli* v. *Xenakis,* 363 Pa. 375; *DiBlasio* v. *Kolodner,* 233 Md. 512. In some other states criminal conversation is specifically mentioned, with alienation of affections and breach of promise suits, in the statutory enactment as included in the prohibition.

The distaste for alienation of affections and breach of promise suits which has inspired in recent years the enactment of laws abolishing such "heart balm" litigation has stemmed largely from publicized abuses of these common-law remedies as instruments of fraud and extortion. Although no legal process is wholly immune from perversion by the unscrupulous, the sine qua non that the defendant

in a criminal conversation action have committed adultery with the spouse of the plaintiff is a substantial safeguard. Even in this age of permissiveness, the philanderer seems an unlikely object of legislative concern. If it were intended that he share the immunity extended to well-meaning meddlers in a marriage or swains recanting before the finality of wedlock, the statute should have said so. It is a fair conclusion that the legislature did not intend to abolish the common-law action of criminal conversation by the enactment of § 52-572b.

The measure of damages in an action for criminal conversation is fair compensation to the plaintiff for the wrongful adultery with the spouse, "including such elements as pain, suffering, injury to his health, degradation and humiliation, to which, if properly pleaded, damages may be added as compensation for the loss or impairment of his right of consortium resulting from that adultery." *Maggay* v. *Nikitko,* supra, 212. A reasonable sum which would compensate the plaintiff for the elements of damages falling within the scope of this rule as proved by the evidence would be $20,000.

It is ordered that judgment enter for the plaintiff to recover of the defendant the sum of $20,000 with costs.