Neomah Rice WILSON, Appellant,

v.

Naomi STILL, Appellee.

No. 73310.

Supreme Court of Oklahoma.

Oct. 29, 1991.

Ernest A. Bedford, Bedford & Associates, Inc., Oklahoma City, for appellant.

John M. Young, Young & Young, Sapulpa, for appellee.

SUMMERS, Justice.

In 1976 the Legislature abolished the civil causes of action for "alienation of affections" and "seduction". Plaintiff brings this action, claiming to be aggrieved by her former husband's leaving her for another woman. The defendant is the other woman. Plaintiff claims her suit should go forward as one for "intentional infliction of emotional distress". Defendant asks that the case be dismissed as not authorized under present law. We must agree with the defendant.

Plaintiff filed this case *pro se* while also litigating her divorce in the District court in 1989. Her petition alleged that

> The defendant has been guilty of willful acts to alienate the affections of James L. Wilson from plaintiff despite her knowledge that he was married to plaintiff and knowingly inflicted severe emotional distress and damage upon plaintiff.

Plaintiff sought actual and punitive damages.

Defendant moved to dismiss on the grounds that the tort of alienation of affections has been abolished. The trial court sustained the Motion to Dismiss, and plaintiff appealed. The Court of Appeals, in an unpublished split decision, reversed and permitted the suit to proceed as one for intentional infliction of emotional distress. Whether such a suit may proceed to a jury has not been considered by this court, and we have granted defendant's petition for certiorari in order to review the question.

Plaintiff first raises a procedural point. She points out that the defendant, before filing her Motion to Dismiss, filed an Entry of Appearance and took additional time to plead. She cites 12 O.S.1981 § 2012 A, which provides that by the filing of such an appearance one waives the defense later urged by Defendant in her motion, that of failure to state a claim upon which relief can be granted. The record, however, reveals that Plaintiff, in her Response to the Defendant's Motion to Dismiss, never asserted the above statute or the Defendant's Appearance as a bar to Defendant's Motion to Dismiss. Having not called the alleged error to the trial court's attention below, plaintiff is not at leave to raise it for the first time on appeal. *Bane v. Anderson, Bryant & Co.*, 786 P.2d 1230 (Okla.1989); *Mothershed v. Mothershed*, 701 P.2d 405, 411–12 (Okla.1985). The trial court's ruling on Defendant's Motion to Dismiss is thus properly before us.

All agree that the civil action for alienation of affections has been legislatively repealed. The present statute is 76 O.S.1981 § 8.1.

> "From and after the effective date of this act, the alienation of the affections of a spouse of sound mind and legal age or seduction of any person of sound mind and legal age is hereby abolished as a civil cause of action in this state."

Plaintiff argues that her use of the phrase "alienate the affection of" in her petition was "inadvertent", and she would strike those words if her suit is allowed to proceed. It should proceed, she tells us, because it is a suit based upon the tort recognized in Oklahoma as intentional infliction of emotional distress.

Defendant points out that Plaintiff is not the first litigant to plead a different theory in an attempt to circumvent the legislatively—repealed cause of action. In *Lynn v. Shaw*, 620 P.2d 899 (Okla.1980), the plaintiff, whose husband had allegedly been "stolen" by another woman, carefully framed a cause of action in "criminal conversation," a similar but distinct tort. Criminal conversation, we observed, is simply "adultery in the aspect of a tort." *Id.* at 901. We analyzed its elements as compared to those of the repealed "alienation of affections" and "seduction", and concluded they were "so intertwined as to encompass one another". *Id.* at 902. Thus

**716**

the tort of criminal conversation was held to have been impliedly repealed by the above statute.

■ Plaintiff invokes our language in *Frazier v. Bryan Memorial Hospital Authority*, 775 P.2d 281, 287 (Okla.1989) on dismissals for failure to state a claim:

"A pleading *must not* be dismissed for failure to state a legally cognizable claim *unless* the allegations indicate *beyond any doubt* that the litigant can prove *no* set of facts which would entitle him to relief."

We agree that it is against this standard that Plaintiff's efforts in pleading a differently entitled tort must be measured.

■ The tort she has elected to proceed under is known in Oklahoma as "intentional infliction of emotional distress", sometimes also known as the tort of "outrage." *Eddy v. Brown*, 715 P.2d 74, 75 (Okla. 1986). We examined its ingredients in *Breeden v. League Services Corp.*, 575 P.2d 1374 (Okla.1978), where we quoted with approval from the Restatement of Torts, Second, Section 46, and Comment d thereto:

"... Liability [in such cases] has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Breeden* at 1376; see also P. 1378.

We also concluded that it is for the *court* in the first instance to determine whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit the matter to go before a jury. *Breeden* at 1377.

Regardless of what the plaintiff calls her cause of action, she has sued the defendant for wilfully taking away her husband. It could have been called "alienation of affections"; it could have been called "seduction"; it could have been called "criminal conversation." But all civil law suits under those theories have now been prohibited. Can she proceed on the theory of "outrage"? The law as expressed in *Breeden* and adopted from the Restatement of Tort

tells us she can not. The plaintiff is asking us to allow a jury to find certain conduct so outrageous as to be "regarded as atrocious and utterly intolerable in a civilized community", when the legislative body freely elected from the same community has expressly and deliberately, within our own generation, removed the acts complained of from those bearing civil liability in tort. We cannot accommodate the plaintiff without doing grave insult to our legislators and those who elected them. This we will not do.

Title 76 O.S.1981 § 8.1 forbids the plaintiff from recovering damages for the acts of which she complains in her petition, even though she chooses to give the suit a name not used in the statute. The Legislature has effectively immunized *that conduct* from civil liability in tort. The plaintiff's suit, when thus measured by the standards of *Frazier v. Bryan Memorial Hospital, supra*, was correctly dismissed for failure to state a claim upon which relief can be granted. The opinion of the Court of Appeals is vacated. The judgment of the District Court is affirmed.

HODGES, V.C.J., and LAVENDER, SIMMS, DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

OPALA, C.J., concurs in judgment.