Paul STONER, Petitioner,

v.

CITY OF LAWTON/LAWTON POLICE DEPARTMENT, Own Risk, Respondent.

No. 86852.

Supreme Court of Oklahoma.

March 11, 1997.

Art G. Mata, Mata & Mata, Lawton, for Petitioner.

Bruce V. Winston & James C. Ferguson, Walker, Ferguson & Ferguson, Oklahoma City, for Respondent.

WATT, Justice.

It is undisputed that the petitioner/claimant, Paul Stoner, suffered from carpal tunnel syndrome in his left hand and wrist. The issue in this proceeding is whether the Workers' Compensation Court properly ruled that claimant's injury was not sustained on-the-job. We sustain the lower court's decision.

### SUMMARY OF FACTS AND PROCEDURAL HISTORY

Claimant was employed as a traffic division police officer for the respondent, City of Lawton. He testified extensively regarding his duties in the traffic division, which included the writing of numerous reports and citations. Claimant's medical expert concluded that the repetitive writing and completing of reports on the job caused claimant's injury.

■ The City asserted that claimant's injury was not job-related. In support of its defense, the City introduced the narrative medical report of its own expert witness. The report included information regarding a prior injury to claimant's left hand (which he suffered while working for a previous employer) and that claimant's hobbies included fishing, woodworking, building models and working on a computer. The City's medical expert concluded that claimant's carpal tunnel syndrome was not caused, aggravated or accelerated by his employment as a police officer. *The report of the City's expert was admitted without objection from claimant.*

The trial court concluded that claimant's injury was not job-related and denied his

claim for workers' compensation benefits. A three-judge panel affirmed. On appeal, the Court of Civil Appeals reversed, holding that the City's medical expert's opinion was devoid of any probative value and, thus, the record lacked competent evidence to support the trial court's decision. This Court granted the City's petition for writ of certiorari on January 10, 1997.

## DISCUSSION

Rule 23 of the *Workers' Compensation Court Rules,* 85 O.S. Supp.1995, Ch. 4, App., states in relevant part:

> A. All challenges to the legal sufficiency of the opposing party's evidence shall be made by specific objection at the time of trial or shall be deemed waived.
>
> \* \* \*
>
> C. An objection to medical testimony offered by a signed, written, verified or declared medical report, if on the grounds that (1) it is based on inaccurate or incomplete history or is otherwise without probative value, or (2) it does not properly evaluate claimant's impairment or disability, as the case may be, in accordance with the Workers' Compensation Act, shall be interposed at the same time it is offered into evidence.
>
> D. Unless an objection is timely made, it shall be waived. Any legally inadmissible evidence that stands admitted without objection shall be regarded as admitted as part of the proof in the case. . . .

■ Pursuant to this rule, an objection to an opponent's medical report must be made at the time such report is offered into evidence. Failure to timely object results in waiver of any objections. Once it is admitted without objection, even if legally inadmissible, such report "shall be regarded as admitted as part of the proof in the case." *See* also *Brent v. Agrico Chemical Co.,* 839 P.2d 189, 191 (Okla.1992) (an objection to the competency of a medical report is waived if not made at trial); *Whitener v. South Cent. Solid Waste Auth.,* 773 P.2d 1248, 1250 (Okla.1989) (claimant's failure to timely object to employer's medical report resulted in admission of the report under predecessor of Rule 23);

*Gaines v. Sun Refinery and Marketing,* 790 P.2d 1073, 1080 (Okla.1990) (appellate court will not reverse for medical report deficiency unless an objection was made in compliance with predecessor of Rule 23).

■ "Whether an injury [arises] out of and in the course of a claimant's employment is an issue of fact to be determined by the Workers' Compensation Court, and it is not to be determined on review proceedings by this Court or the Court of [Civil] Appeals where there is *any competent evidence* to support the order subject to review." *Stiles v. Okla. Tax Comm'n,* 752 P.2d 800, 802 (Okla.1987) (emphasis in original, citations omitted). Under the "any competent evidence" test our responsibility is to canvass the record *"only* for the purpose of ascertaining whether the tribunal's decision is supported by competent evidence." *Parks v. Norman Mun. Hosp.,* 684 P.2d 548, 552 (Okla.1984) (emphasis in original, citation omitted).

As previously set forth, claimant did not object to the medical report of the City's expert when it was offered into evidence. Thus, any objection claimant had to the report was waived and the report stood admitted as competent evidence. Under Rule 23 and *Parks,* the Court of Civil Appeals was without authority to review claimant's belated protest to the document. Because the medical report supports the tribunal's conclusion that claimant's injury was not job related, we must sustain the trial court's decision.

## CONCLUSION

Failure to object to an opponent's medical report at the time of trial results in waiver of any objection to such evidence. Once admitted, the report is regarded as part of the proof in the case. Claimant did not object to the admission of the City's medical report at trial and the report supports the conclusion that claimant's injury was not job related. Accordingly, we find competent evidence in the record to support the trial court's order.

Certiorari previously granted. The opinion of the Court of Civil Appeals is vacated. The judgment of the Workers' Compensation Court is sustained.

KAUGER, C.J., SUMMERS, V.C.J., HODGES, LAVENDER, SIMMS, HARGRAVE and WATT, JJ., concur.

OPALA, J., concurs in result.

ALMA WILSON, J., concurs in part, dissents in part.