2003 OK 25

**Sandra K. SHIVEL, Petitioner,**

v.

**WEXFORD HEALTH SOURCES, State Insurance Fund and Workers' Compensation Court, Respondents.**

No. 92,994.

Supreme Court of Oklahoma.

March 11, 2003.

Jack D. Crews, Eddie L. Carr, Tulsa, OK, for Petitioner.

Chad Robert Whitten, The Whitten Law Firm, Tulsa, OK, for Respondents.

HARGRAVE, J.

¶ 1 The issue on review is whether a psychological overlay is compensable where it arises out of and in the course of a claimant's employment and results from the same incident which caused physical injury, but is alleged by the respondent to not be caused by the physical injury.

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

¶ 2 Sandra Shivel, worked for a private healthcare provider, Wexford Health Sources, which required her to have contact with prisoners. On April 28, 1998, she was attacked by an inmate and suffered physical injuries to her clavicle, back and neck, for which she received temporary total disability compensation. She had also sought to be compensated for psychological overlay. A doctor was appointed to assess her alleged psychological overlay and to determine whether further benefits and treatment were necessary, while another independent medi-

cal examiner determined if further treatment was necessary for the physical injuries.

¶ 3 On the psychological overlay issue, the first doctor reported that the claimant was ready for a "full duty release with permanent restrictions." Since that time, Shivel relocated to Virginia. The employer, based on the doctor's report, moved for termination of temporary total disability. The trial judge supplemented his previous order by requiring the doctor to determine causation with respect to psychological overlay.

¶ 4 The doctor reported that Shivel's need for psychological treatment was due to the incident itself rather than the physical injury. Based upon this report, further disability benefits and psychological treatment were terminated as "not related, reasonable or necessary to the physical injuries sustained in the accidental injury."

¶ 5 The Court of Civil Appeals vacated the order denying claimant's request for psychological treatment in Virginia, and temporary total disability benefits, and remanded the claim for reconsideration of the previously submitted medical evidence. On Certiorari, employer now argues that the psychological injury suffered by Shivel as a result of her on-the-job stabbing, cannot be compensable because the psychological injury did not originate from the physical injury. We find this argument to be unpersuasive.

## ANALYSIS

¶ 6 In *Wal–Mart Stores v. Reinholtz,* 1998 OK 11, 955 P.2d 223, a rape was found to have arisen out of and in the course of employment. This Court, on the issue of psychological overlay, noted that 85 O.S.Supp. 1992 § 3(7)(c), the statute in effect at the time of the claimants injuries, provided only that "[i]njury or personal injury shall not include mental injury that is unaccompanied by physical injury." This Court held that the claimants rape and injuries sustained in that rape met the "statutorily required accompaniment of compensable physical injury, which included claimant's injury to the back, and psychological injury exists and resulted from accidental injury." *Wal–Mart Stores v. Reinholtz,* 1998 OK 11, ¶ 19, 955 P.2d at 226.

Thus, this Court found that claimant's rape resulted in psychological overlay when accompanied with the accidental injury.

¶ 7 The applicable statute in effect at the time of Shivel injury was 85 O.S. Supp.1997 § 3(10)(c), which was amended after the opinion in *Reinholtz*. It reads:

"Injury" or "personal injury" shall not include mental injury that is unaccompanied by physical injury, except in the case of rape which arises out of and in the course of employment;

Employer argues that under the present facts Shivel is entitled to benefits only for her physical injuries and not for the psychological overlay that respondent contends resulted from the incident itself, rather than the physical injury claimant sustained arising from and in the course of employment.

¶ 8 Here, in holding that the claimant's psychological overlay is compensable, the Court of Civil Appeals relied on the Reinholtz explanation of the 1992 amendment. In so doing, the Court of Civil Appeals concluded that psychological injury need only be accompanied by physical injury.

¶ 9 The employer, argues that, because Reinholtz was a rape claim for which the legislature carved out a specific exception, under that facts of the case at hand, the mental injury sustained by Shivel is not compensable. The employer argues that the psychological injury, accompanied by physical injury, should not be compensable unless the psychological injury originated from the physical injury. We find this argument to be unpersuasive.

¶ 10 In the present matter, Petitioner was attacked by an inmate and suffered physical injuries to her clavicle, back and neck, for which she received temporary total disability compensation. Thus, Petitioner has satisfied the requirement of 85 O.S.Supp.1998 § 3(10)(c), that her psychological injury was accompanied by physical injury, and hence, her psychological overlay claim is compensable.

CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPIN-ION VACATED; ORDER OF THE TRIAL COURT REVERSED.

¶ 11 ALL JUSTICES CONCUR.