2004 OK CIV APP 66

Beverly A. BROWN, Petitioner,

v.

MOM'S KITCHEN, LLC and The Workers' Compensation Court, Respondents.

No. 100,340.

Court of Civil Appeals of Oklahoma, Division No. 1.

July 9, 2004.

Walt Brune, Walt Brune, P.C., and Fred L. Boettcher, Boettcher Law Offices, Inc., Ponca City, OK, for Petitioner.

James B. Cassody, Paul V. McGivern Jr., McGivern, Gilliard & Curthoys, Tulsa, OK, for Mom's Kitchen, LLC.

## OPINION

ADAMS, Judge:

¶ 1 In January of 2003, the Workers' Compensation Court determined that Claimant Beverly Brown sustained an accidental personal injury on September 26, 2002, to the "RIGHT SHOULDER, RIGHT HAND, BACK (THORACIC) AND BACK (LUMBAR) arising out of and in the course of" her employment with Mom's Kitchen, LLC (Employer, collectively with its insurer Compsource Oklahoma). The trial judge denied injury to Claimant's neck and reserved the issues of temporary total disability (TTD) benefits and medical treatment pending receipt of the report of an independent medical examiner (IME).

¶ 2 After the IME evaluated Claimant, he referred her to another physician, Dr. Conway, whose testing revealed the need for surgery on Claimant's right shoulder. Dr. Conway performed surgery on Claimant's "right shoulder" on May 30, 2003,[1] and payment of Claimant's TTD benefits commenced.

¶ 3 Based on Dr. Conway's medical reports dated July 29, 2003, and August 21, 2003, Employer moved to terminate Claimant's TTD, alleging that she had sustained an intervening "accident and injury, not connected with employment; Deny liability for medical expenses or TTD beyond July 2003." Claimant objected to Employer's termination motion, also relying on Dr. Conway's July 29, 2003 medical report, and subsequently moved for approval of surgery "per IME referral, Dr. Conway."

¶ 4 At the hearing on Employer's termination motion, Claimant's counsel requested "continued TTD" in addition to "authorization for additional surgery by [Dr. Conway]." The trial judge heard Claimant deny that she told Dr. Conway she fell on her shoulder on July 26, 2003 and her testimony that (1) she hit her right hip and back *when she fell* July 26, 2003, but "never actually hit [her] shoulder directly," (2) the pain and problems she reported July 29, 2003, were related to her surgery and as of that date she had never been out of pain, and (3) that the tear she sustained for which the additional surgery was recommended stems from the exercises that Dr. Conway had her start in the beginning of July. Thereafter, the trial judge admitted into evidence, without any objection from either party, Court's Exhibit 1, a packet of Dr. Conway's medical reports dated between March 31, 2003, and August 21, 2003.[2]

¶ 5 By order filed October 31, 2003, the trial judge sustained Employer's motion to terminate TTD, overruled Claimant's objection to Employer's motion, and specifically found in paragraphs 5, 6, and 7:

THAT on or about JULY 26, 2003, claimant was involved in an incident (stumble, fell and struck RIGHT SHOULDER) which re-injured her RIGHT SHOULDER necessitating additional surgery.

THAT said incident rose to the level of an intervening accident, which broke the chain of causal connection between [Claimant's] original injury (SEPTEMBER 26, 2002) and her need for an additional surgery to her RIGHT SHOULDER.

THAT temporary total disability benefits shall be terminated.

The trial judge reserved for future hearing the issues of underpayment and/or overpayment of TTD compensation and permanent partial disability, inclusive of apportionment, if any. On Claimant's *en banc* appeal, the three-judge panel affirmed the trial judge's order.

---

1. The April 22, 2003 medical report verified by Jimmy Conway, Jr., M.D., provides: (1) "MRI scan of her right shoulder reveals what appears to be a superior labral tear and a full thickness rotator cuff tear," (2) his recommendations of "arthroscopy with subacromial decompression, possible distal clavicle excision, rotator cuff repair and repair of her superior labrum," (3) his opinion that "she should be considered [TTD]," and that (4) her anticipated maximum medical improvement was "undetermined." However, there is no evidence in this record, medical or otherwise, establishing the precise injuries found during the May 30, 2003 surgery.

2. After his April 22, 2003 report, Dr. Conway's medical reports uniformly state Claimant's work status "should remain [TTD]" and her "anticipated MMI" is "undetermined," except for his July 29, 2003 report which states, under "work status," that she "should be considered [TTD]."

¶ 6 In this review proceeding, Claimant contends that the trial judge's order is contrary to law, arguing Dr. Conway's medical reports do not comply with 85 O.S.2001 § 17A, which requires that medical opinions addressing compensability "must be stated within a reasonable degree of medical certainty." She also argues that his reports showing a re-injury to her shoulder were (1) hearsay, because they are based on misinformation from his nurse, and (2) wrong, because she never told him that she fell on her shoulder. Claimant made no competency or probative value objections to any of Dr. Conway's medical reports.

¶ 7 Unless an objection to the hearsay nature of a medical report and request for cross-examination by deposition is timely made, any hearsay objection to the medical report is deemed to be waived. *See* 85 O.S. 2001 Ch. 4, App. Rule 20(F). All other objections to the competency, relevancy and probative value shall be raised at the time of trial or shall be waived. *See* 85 O.S.2001 Ch. 4, App. Rule 20(F) and Rule 23. Failure to object to an opponent's medical report when evidence is offered at trial results in a waiver of *any* objections; once admitted without objection, even if legally inadmissible, a medical expert's report shall be regarded as admitted as part of the proof in a workers' compensation case. *Stoner v. City of Lawton/Lawton Police Department*, 1997 OK 28, 934 P.2d 340. Claimant's failure to make any objections when the Court's Exhibit No. 1 was offered into evidence results in a waiver of all objections to the admission of Dr. Conway's medical reports.

¶ 8 Claimant further contends "there is no competent evidence from which the Trial Court could have rendered its decision that [her] July 26, 2003 fall rose to the level of an intervening accident to break the period of temporary total disability or need for surgery." We address first her argument concerning the lack of competent evidence to support the trial court's denial of her request for additional surgery.

¶ 9 Claimant contends that "the record clearly indicates that [she] did not re-injure her shoulder when she tripped on the stairs on July 26, 2003 after prior right shoulder surgery" and that "the evidence is also undisputed that the Claimant told the nurse and did not discuss with the doctor at all the events happening on July 26, 2003 that may have increased the pain in her shoulder." These arguments ignore (1) Dr. Conway's July 29, 2003 medical report, stating that Claimant "says that she fell on her shoulder Saturday, re-injuring her shoulder. She complains of significant pain. . . . I am concerned she may have re-torn her rotator cuff," and (2) his August 21, 2003 medical report, noting a "MR arthrogram, which revealed a small full thickness tear of her supraspinatus tendon."

¶ 10 As presented by Claimant's testimony and Dr. Conway's medical reports, the issue before the trial court was what *caused* the injury for which Claimant was seeking authorization for the second surgery, (1) the fall, which would be considered a new non-work-related injury, or, (2) the physician-prescribed exercises for Claimant's on-the-job injury to her right shoulder, which would be considered a re-injury to her previously adjudicated injury.

¶ 11 Medical expert testimony is required to prove or refute the issue of permanent disability, but is not required for proving or refuting *causation*. *Collins v. Halliburton Services*, 1990 OK 118, 804 P.2d 440. In *Miles v. Frontier Plastic Fabricators*, 1999 OK 18, 976 P.2d 1051, when considering whether a 1996 injury to the claimant's low back for which he had requested additional TTD benefits was a re-injury (original low back injury in 1989) or caused from the "bending, pulling, and twisting" necessary to start his lawnmower, the Court held that on the issue of *causation*, the Workers' Compensation Court is not obliged to defer to any medical expert's opinion *and* that both parties are permitted to present lay evidence, whether direct or circumstantial.

¶ 12 Faced with conflicting evidence on the issue of causation of Claimant's injury, the trial court apparently found Dr. Conway's medical report more credible than Claimant's testimony. Because a trial court observes the demeanor of the witnesses in a

workers' compensation case, it functions as the sole arbiter of the credibility of the witnesses and the weight to be given their testimony; therefore, the trial court may refuse to accept any evidence which in its opinion is not entitled to belief. *Bittman v. Boardman*, 1977 OK 32, 560 P.2d 967. Dr. Conway's report is competent evidence of an intervening accident which broke the causal connection between Claimant's original on-the-job injury and her need for *additional surgery* to her right shoulder, and we sustain that part of the trial judge's order.

¶ 13 Claimant further argues that Dr. Conway's medical reports indicate that she was still having moderate pain post-surgery and temporarily disabled from her original on-the-job injury when she fell. She also argues that the trial court's order does not provide for an apportionment of TTD based upon apportionment of causation.

¶ 14 In a proceeding to terminate TTD compensation, such as Employer filed in this case, the burden of proof is upon the moving party. *Tennison v. State Industrial Court*, 1967 OK 153, 429 P.2d 959. Our review of the record reveals that there is no competent evidence in this record, including Dr. Conway's medical reports, that establishes that Claimant had reached maximum medical improvement for her on-the-job injury to her right shoulder by the date of her fall.

¶ 15 The record contains no evidence tending to prove that "but for" Claimant's fall, she had, or would have, reached maximum medical improvement for her right shoulder by the time of the hearing to terminate TTD. Employer failed to carry its burden in this respect. As a result, we must conclude there is no competent evidence to support the trial court's decision to terminate Claimant's TTD.

¶ 16 Our holding should not be construed to conclude that Claimant is entitled to TTD for the entire period she requested, some of which might be solely attributable to recovery from the second tear and a second surgery. We have sustained the trial court's finding that the cause of Claimant's second tear was the accident in her home. Our vacation of the trial court's order terminating TTD serves only as an adjudication that Claimant was still entitled to TTD benefits as of the date of the hearing on Employer's application to terminate those benefits. It does not prevent Employer from attempting to terminate Claimant's TTD benefits effective any date subsequent to that hearing, *if it sustains its burden of proving that but for Claimant's second injury she would not have been temporarily totally disabled on that date.*

¶ 17 Under *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548, we may set aside an order of the Workers' Compensation Court only if it is contrary to law or is unsupported by any competent evidence. The trial court's order denying Claimant's request for additional surgery is sustained, but that part of the order terminating Claimant's TTD benefits is vacated.

SUSTAINED IN PART, VACATED IN PART.

JONES, J., and BUETTNER, V.C.J./P.J., concur.