2005 OK CIV APP 83

**ADAIR PUBLIC SCHOOLS
and Compsource/OSAG,
Petitioner,**

v.

**Connie HALEY and The Workers'
Compensation Court,
Respondents.**

No. 101,981.

Court of Civil Appeals of Oklahoma,
Division No. 3.

Sept. 9, 2005.

Larry C. Brawner, R. Dean Lott, Oklahoma City, OK, for Petitioner.

Gerald R. Lee, Pryor, OK, for Respondents.

Opinion by CAROL M. HANSEN, Judge.

¶ 1 Petitioners, Adair Public Schools and Compsource/OSAG (Employer), seek review of a Workers' Compensation Court (WCC) order which, among other things, found Respondent, Connie Haley (Claimant), permanently partially disabled (PPD) as a consequence of psychological overlay to her back injury.

¶ 2 Claimant's initial claim for compensation was filed on April 10, 2002. She alleged injury to her lower back from accidents on March 2 and 16, 2001. The nature of injury alleged was "trauma to back" and "depression and anxiety." Claimant subsequently filed an amended claim which added "psychological overlay" to her injuries.

¶ 3 When the claim was first tried on June 24, 2002, Claimant sought temporary total disability (TTD) benefits and medical treatment. She alleged both back injury and the psychological overlay. Employer denied all liability. In its July 10, 2002 order, the WCC found Claimant had sustained employment related injury to her back, but that she had not sustained psychological injury or overlay as a result of her back injury. The WCC reserved a TTD determination for future hearing and ordered Employer to provide

Claimant with medical treatment for her back. There was no appeal from this order.

¶ 4 After Claimant reached maximum medical improvement, she sought PPD benefits and medical maintenance, again for both the back injury and for psychological overlay. This request was heard by the WCC on December 23, 2004. Employer admitted the lower back injury, but denied the claims for psychological overlay and medical maintenance. The court found Claimant had sustained psychological overlay and determined she was five percent PPD as a result of that impairment. A three-judge panel of the WCC unanimously affirmed that determination without modification. Employer seeks our review of that order.

¶ 5 Employer contends the "finding of consequential psychological overlay is barred by the doctrine of res judicata." The argument is that because the WCC, in its July 10, 2002 order, found Claimant had not sustained psychological injury or overlay, that issue was "not subject to subsequent consideration." This contention fails for several reasons.

¶ 6 First, Employer raises it for the first time here. At the trial in December 2004, the trial court noted from the bench:

It's my understanding, after an off-the-record conference with Counsel, that Claimant is asserting a consequential psychological overlay claim *that has arisen since the Court's prior adjudication*, and we're going to try that issue today. (Emphasis added).

Mr. Lott, you have no objection to trying that issue today, as far as—but you're denying the compensability of any *subsequent* psychological overlay, is that correct? (Emphasis added).

¶ 7 Employer's counsel stated his agreement to the court's articulation of the issue which was to be considered. It is clear the issue in the latter hearing was whether there was evidence to support a finding that Claimant sustained psychological overlay resulting from the back injury *after* that claim was initially denied. The issue decided by the initial denial was whether Claimant suffered from psychological overlay *at that time*. The issues are distinct factual determinations to

be made in view of the evidence relating to the relevant periods and are not the same. It is Employer's burden to show the issue to be precluded was actually litigated. *Miller v. Miller,* 1998 OK 24, 956 P.2d 887. It cannot meet that burden.

¶ 8 Further, Employer failed to raise either issue or claim preclusion in the trial court when counsel consented to the court's hearing the issue of subsequent psychological overlay. Employer thus waived the right to raise it here. *Wilson v. Still,* 1991 OK 108, 819 P.2d 714. Finally, Employer did not raise the *res judicata* position when it appealed to the three-judge panel. Error not raised before a review panel of the Workers' Compensation Court cannot be considered by the Supreme Court or in the Court of Appeals. *Bostick Tank Truck Service v. Nix,* 1988 OK 128, 764 P.2d 1344.

¶ 9 Employer next contends the WCC erred in finding Claimant PPD due to psychological overlay sustained "subsequent to the trial on June 24, 2002." Whether the psychological overlay arose out of and in the course of Claimant's employment presents a question of fact, and the WCC's finding on that question is binding on this Court if supported by competent evidence. *Kelley v. Waste Management Co.,* 1995 OK CIV APP 140, 910 P.2d 357. Medical evidence is required to prove permanent disability. *Brown v. Mom's Kitchen, LLC,* 2004 OK CIV APP 66, 96 P.3d 808.

¶ 10 The essence of this contention is in Employer's briefed comment—"While there are reports indicating that Claimant sustained psychological injury, they do not address whether the psychological injury occurred after June 24, 2002, and the doctors appear to be unaware that the issue had already been adjudicated." Taking the last assertion first, whether a claimed injury has been adjudicated is not relevant to an expert's medical opinion. Adjudication is a legal determination made by the WCC based on the evidence before it, medical and lay. Disability or impairment are medical determinations based on the expert's opinion reached after considering such factors as medical history, testing and examination, not prior legal proceedings.

¶ 11 There is medical evidence relating to the psychological overlay claim in the form of a letter report and deposition of the court appointed Independent Medical Examiner (IME), Dr. M. In his report, the IME notes employment related injury in March 2001 and medical history including "a fusion in July of 2002" and "removal of hardware in July, 2003." The IME opines Claimant exhibited 38% impairment due to the "current condition of her lumbar spine", with 12% attributed to a "one level fusion" and 7% attributed to "chronic pain and spinal nerve root involvement." Noting a prior surgery in 1995, the IME further opined 26% impairment was related to the March 2001 injuries. Additionally, the IME felt Claimant "at this time exhibits a residual disability of 5% impairment to the body as a whole due to residual depression secondary to chronic pain." Thus, the IME relates the psychological overlay to Claimant's injuries with Employer.

¶ 12 The IME's report and deposition provide both competent medical evidence of Claimant's disability at the time of the December 2004 trial and the requisite nexus to the March 2001 accidents and injury. The question is whether the psychological overlay disability occurred after the initial trial in June 2002 and that is an issue of causation. Medical expert evidence is not required to prove or refute causation. *Brown v. Mom's Kitchen, LLC,* 96 P.3d at 810. The WCC does not have to defer to medical evidence on that issue and both parties are permitted to present lay evidence, whether direct or circumstantial. *Id.*

¶ 13 Employer's brief itself quotes Claimant's testimony at the December 2004 trial in which she stated, in response to counsel's question on cross-examination:

Q. Ma'am, these problems with depression are basically the same complaints you had that last time at trial; right, except you think they're worse now?

A. They're worse now.

Q. Still caused by the same thing, as far as you know?

A. As far as—I know it is; between the pain and not being able to work.

¶ 14 This testimony supports a worsening of Claimant's psychological condition after the first trial and connects the depression to her back injury which was found to be employment related. The worsening condition in turn supports a conclusion different than that reached at the first trial. Additionally, Claimant testified she had been prescribed medication related to the depression for two years. This period would also be subsequent to the June 2002 trial. Claimant further testified she had been forced to retire from her job as a school teacher in February 2004 after communicating to the school administration that she has contemplated suicide because of the pain and depression. Claimant's lay testimony is competent evidence from which the WCC could properly infer her psychological overlay disability was sustained subsequent to June 24, 2002. This, combined with the IME's medical expert evidence, supports the WCC's award for psychological overlay.

¶ 15 The WCC's order is SUSTAINED.

JOPLIN, P.J., and BUETTNER, C.J., concur.