2011 OK CIV APP 20

**OKLAHOMA NATURAL GAS, INC., and/or Oneok, Inc., Petitioners,**

v.

**Stephen D. MESSER and The Workers' Compensation Court, Respondents.**

**No. 108,417.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 29, 2010.

Certiorari Denied Jan. 31, 2011.

M. Thad Groom, The Groom Law Firm, P.C., Oklahoma City, OK, for Petitioners.

Esther M. Sanders, Shena–Rae Dell Schramm, Sanders & Associates, P.C., Tulsa, OK, for Stephen D. Messer.

WM. C. HETHERINGTON, JR., Judge.

¶ 1 Petitioners Oklahoma Natural Gas, Inc. and/or ONEOK, (collectively, Employer) seek review of an order of a Workers' Compensation Court, affirmed after modification by a three-judge panel, authorizing consequential psychological overlay treatment for Stephen Messer (Claimant) and denying Employer's *res judicata* defense. The order is neither contrary to law nor unsupported by competent evidence and is SUSTAINED.

¶ 2 Claimant filed a claim for compensation on December 9, 2005, for injuries he sustained to his "neck, both shoulders, back and left hip" on "11/3/03; reinjury Jan. 2004," when he fell in a trench while working as a field technician for Employer. Employer admitted compensability for the back injury only. Claimant amended his claim twice in 2006 to add left arm and psychological

overlay injuries and filed two "new" claims.[1] Each "new" claim was marked "original filing" and given separate case numbers. The first claim listed "January 7, 2004" as the "date of accident" for injuries Claimant sustained to his "neck and back radiculopathy into both legs and feet" when "shoveling mud in ditch," the nature of which injuries were described as "aggravation of pre-existing." The second "new" claim listed "Feb. 2004" as the "date of last exposure" for cumulative trauma injury to "Both shoulders & neck & back" resulting from "repetitive use & pushing, pulling & lifting overuse." Employer denied the added injuries, the necessity for further medical treatment and temporary total disability (TTD), requested overpayment of TTD, and later denied Claimant's "new" claims.

¶ 3 Claimant moved for trial seeking TTD from "2–6–04 to 11–19–04 and from 11–2–05 to undetermined," rate, underpayment of TTD, and authorization for diagnostic tests. A trial was held on March 21, 2007 on the issues of compensability of Claimant's neck, both shoulders, low back, left hip, and "consequential psychological overlay" injuries and on the need for continued medical treatment, including authorization for pain management. After Claimant's testimony about his two accidents, injuries, and multiple surgeries, Claimant submitted the medical reports of Dr. Trinidad and medical records from his surgeon, Dr. Feild. Employer submitted the medical report of Dr. Munneke, medical records from Dr. Feild, and two surveillance digital video disks (DVDs). The court admitted as its own exhibits, an Independent Medical Examiner's deposition and his follow-up report after review of the DVDs of Claimant playing golf on three separate days.

¶ 4 On May 18, 2007, the trial court filed an Order, finding, in relevant part: (1) "On [November 3, 2003], Claimant sustained an accidental personal injury to the LOW BACK and LEFT HIP, and on January 17, 2004, [he] sustained accidental personal injury to the "LOW BACK, NECK, RIGHT SHOULDER and LEFT SHOULDER" arising out of and in the course of his employment," and (2) "Claimant sustained no PSYCHOLOGICAL OVERLAY injury as a result of said accident." He was awarded TTD benefits for October 18, 2006 to the date of the order and reserved for future determination, *inter alia*, TTD for three other time periods.

¶ 5 Claimant filed a Petition for Review which was dismissed by the Supreme Court as untimely filed. Employer filed an *en banc* appeal. The three-judge panel's order filed January 9, 2008 found (1) the May 18, 2007 Order "was not against the clear weight of the evidence nor contrary to law and the same is hereby AFFIRMED"; and (2) paragraph 1 "should be vacated." The panel's new paragraph 2 corrected the second date of injury, January 17, 2004, to January 7, 2004, and the injuries sustained on that date to "LOW BACK, NECK, RIGHT SHOULDER, and LEFT SHOULDER."

¶ 6 Claimant continued to receive medical treatment for his compensable injuries, including medications, physical therapy, and additional surgeries (failed rotator cuff repair left shoulder/biceps tendon repair in 2008 and a back surgery in 2009). During 2009, Claimant amended his first claim to add "consequential psych," for which he requested treatment, and twice amended his third claim, adding "consequential left leg and left foot" and "disfigurement." Employer denied the injuries were work-related and raised *res judicata* as an affirmative defense to the amended "consequential psych" injury based on the "May 18, 2007 Order."

¶ 7 Because the former trial judge had apparently left the bench, a second trial was held February 3, 2010 by a different judge, during which Claimant testified, *inter alia,*

---

1. All of the orders in the appellate record list the three case numbers. Employer states in his Summary of the Record that the three claims "have been consolidated ... and there are no disputes concerning this consolidation." A motion to consolidate filed September 19, 2006, and the record confirms Claimant's statement in his brief that "no formal order has consolidated the cases," who also states "each [was] considered jointly at the trials in this case. The parties do not object to this issue." Admissions made in the briefs may be considered as supplementing and curing an otherwise deficient appellate record. *Reeves v. Agee*, 1989 OK 25, ¶ 15, 769 P.2d 745, 753.

about his surgeries since the first hearing, his chronic pain and continued need for pain medication, and his worsening depression, anger, and anxiety. To establish his psychological overlay injury, Claimant presented the medical reports of Dr. Trinidad and a licensed psychologist, Dr. Morgan, the latter of which was requested by the Social Security Administration for evaluation of Claimant's disability claim. To rebut the same, Employer submitted the medical report of Dr. Munneke, and medical records from Dr. Feild, neither of whom provided a current evaluation as to psychological overlay.

¶ 8 In its "Order Authorizing Medical Treatment" filed February 9, 2010, the trial court identified, as part of its findings, Claimant's issues, including "consequential psychological overlay," the parties' stipulations, and Employer's *res judicata* defense. The court also found "Claimant has been released at maximum medical improvement in November 2009 on his cervical (surgery) and lumbar (surgery) found compensable by prior orders." After taking "notice of all prior medical in all 3 cases on file herein," the trial court found in paragraph 6:

> THAT [Employer] shall select a treating physician to provide treatment for psychological overlay developed as a consequence of multiple surgeries. The [Employer's] defense of res judicata is DENIED as the condition has developed since the order in March 2007 as a direct result of pain and multiple surgeries. Claimant cried during testimony. (Capitalization in original.)

¶ 9 Both parties filed *en banc* appeals from the February 9, 2010 Order,[2] about which a three-judge panel expressly found "certain parts of said order were contrary to law AND against the clear weight of the evidence" and affirmed in part and modified in part. As pertinent here, the panel modified paragraph 6 of the trial court's order by adding a first sentence to the remainder, *i.e.,* "THAT claimant has developed a consequential psychological overlay injury." In its order filed May 28, 2010, the panel ordered that "the February 9, 2010 Order, as modi-

fied, shall remain in full force and effect." Employer's Petition for Review followed.

¶ 10 Where a three-judge panel has vacated a trial judge's order, in whole or in part, and replaced the vacated portions with its own order, our task is to determine whether the panel order is contrary to law or lacks support by competent evidence in the record. *See Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548. Under this standard of review, an appellate court does not weigh the evidence to determine where the preponderance lies, but simply reviews the trial record to ascertain whether the panel's order is supported by competent evidence. *Mrs. Baird's Bakery v. Cox,* 2005 OK 28, 112 P.3d 1168.

¶ 11 In its first proposition, Employer alleges the trial court erred by denying its *res judicata* or "claim preclusion" defense because all the required elements have been met, arguing the issue of psychological overlay was litigated to a final conclusion in the May 2007 Order and the parties and issues are identical. To support its argument, Employer cites numerous cases holding if no appeal is taken from a prior order of the Workers' Compensation Court finding an injury is not due to an accidental injury arising out of and in the course of the employment, such order is final and conclusive and the court lacks jurisdiction thereafter to reopen based on change of condition. *See Ross v. State Industrial Court,* 1964 OK 161, 394 P.2d 501; *Nash v. Douglas Aircraft Co.,* 1950 OK 15, 214 P.2d 919, *Warren & Bradshaw Drilling Co. v. Boyd,* 1954 OK 130, 271 P.2d 324.

¶ 12 Claimant concedes the same parties are involved but argues there is no final judgment on his work-related claims because he continues to be treated for those injuries. Relying on *Adair Public Schools v. Haley,* 2005 OK CIV APP 83, 122 P.3d 490, Claimant further argues his claim for consequential psychological overlay is a different issue because it covers a different period of time. We agree with Claimant on both points.

---

**2.** Employer sought review of paragraph 6 of the trial court's order, whereas Claimant sought re-

view of the trial court's denial of compensability for his consequential left leg/knee injury.

¶ 13 Employer's authorities all involve back or other physical injuries, none of which were alleged to be consequential injuries. "Under the [Workers' Compensation] Act, 'injury' includes the consequences that naturally flow from the injury." *Lamson & Sessions v. Doyle*, 2002 OK 89, ¶ 7, 61 P.3d 215, 217.[3] In *Haley*, the issue of "consequential psychological overlay" was presented to the trial court.[4] A mental or psychological injury which accompanies a compensable physical injury is itself compensable. *See* 85 O.S.Supp.2003 § 3(12)(c);[5] *Shivel v. Wexford Health Sources*, 2003 OK 25, ¶¶ 6–10, 66 P.3d 414, 415–416; *Wal–Mart Stores, Inc. v. Reinholtz*, 1998 OK 11, ¶ 18, 955 P.2d 223, 226.

¶ 14 Unlike the prison inmate attack on the claimant in *Shivel* or the forcible rape of the claimant in *Reinholtz*, this case does not involve a wilful and intentional criminal act by an assailant upon an employee *or* arguments a psychological injury is not compensable when it results from the intentional act and *not* the accompanying physical injury. The claim involved here, *i.e.*, psychological injury *as a consequence of or resulting from* Claimant's compensable work-related physical injuries, is identical to that in *Haley*.

¶ 15 In *Haley*, the claimant alleged injury to her lower back from accidents on two different dates and "depression and anxiety" and similarly amended her claim to add psychological overlay. In the first order, the trial court found the claimant had compensable work-related back injury and awarded TTD benefits, but denied her claim for psychological overlay. The claimant did not appeal the first order. After reaching maximum medical improvement, she sought permanent partial disability (PPD) and medical maintenance for her back *and* psychological overlay injuries, the latter of which the trial court found she had sustained and awarded 5% PPD. The second order was affirmed by a three-judge panel.

¶ 16 On appeal, the employer argued the court's "consequential psychological overlay" finding was barred by the doctrine of *res judicata*. When discussing if the employer had waived such argument for appellate review, the *Haley* Court concluded "[t]he issue decided by the initial denial was whether Claimant suffered from psychological overlay *at that time*. The issues are distinct factual determinations to be made in view of the evidence relating to the relevant periods and are not the same." (Italics in original; underline added.) *Id.*, ¶ 7.

¶ 17 Employer argues *Haley* is factually distinguishable from the instant case in two ways. First, unlike the employer in that case, it did not fail to raise the issue of *res judicata* at the trial court or *en banc* level. Second, "a specific announcement was made at the Trial that the only injury sought was what occurred after the Trial Court Order denying psychological overlay." The record confirms both parties filed trial briefs on Employer's *res judicata* defense, as requested by the court. However, in Claimant's brief, he specifically requested the court to address his symptoms of psychological overlay "which had arisen since the Court's May 18, 2007 Order," as the claimant similarly did in *Haley* (Emphasis added.). Employer's second distinction is therefore meritless.

---

**3.** The *Doyle* Court relied on 85 O.S.Supp.1997 § 3(10)(a) for the definition of "injury." The Legislature's 2001 amendment renumbered that definition to § 3(12)(a), and its 2003 amendments to other § 3 subsections became effective May 29, 2003. That version applies to both Claimant's November 2003 and January 2004 injuries. In relevant part, 85 O.S.Supp.2003 § 3(12)(a) provided:

"Injury" or "personal injury" means only accidental injuries arising out of and in the course of employment *and such disease or infection as may naturally result therefrom* . . . Only injuries having as their source a risk not purely personal but one that is causally connected with the conditions of employment shall be deemed to arise out of the employment.

**4.** We find no case law which defines "psychological overlay." The use of "consequential psychological overlay" appears redundant considering "overlay" is defined in the Stedman's Medical Dictionary (25th Ed.) as "[a]n addition to an already existing condition. **emotional o.,** the emotional component of an organic disability." (Emphasis in original.)

**5.** The 2003 version of § 3(12)(c) provided that:

"Injury" or "personal injury" shall not include mental injury that is unaccompanied by physical injury, except in the case of rape which arises out of and in the course of employment.

¶ 18 To the extent *Haley* determines a trial court's denial of a psychological overlay injury is a factual determination such injury was not compensable *at that time* and does not preclude future determinations of the issue, we agree. Issues concerning *res judicata* are ordinarily considered to be mixed questions of law and fact. *Sooner State Optical, Inc. v. Blackburn*, 2006 OK CIV APP 98, ¶ 8, 141 P.3d 577, 580. For mixed questions of law and fact, "[a] deferential standard of review applies to resolutions of disputed facts when supported by reasonable evidence; an independent judgment standard of review applies to the ultimate conclusion that these facts do or do not trigger preclusion." *Barker v. State Insurance Fund*, 2001 OK 94, ¶ 6, 40 P.3d 463, 466.

¶ 19 As noted in *Haley*, "[i]t is Employer's burden to show the issue to be precluded was actually litigated." *Id.*, ¶ 7. In Claimant's brief, he argued that since the May 18, 2007 Order, he had additional surgeries to treat compensable injuries and had been diagnosed by a licensed psychologist with an anxiety disorder that stemmed from a combination of the effects of living with chronic pain, having to take pain medications, worsening physical limitations, depression and inability to sleep. Neither Employer's brief nor its argument at trial addressed *Haley* or Claimant's arguments relying thereon. Our review of the transcript and record reveals the evidence is undisputed that Claimant had two additional surgeries to compensable body parts that were clearly not litigated at the prior trial. As a result, we conclude Employer failed to carry its burden to show Claimant's *current* claim for psychological overlay injury was previously litigated. The trial court's denial of Employer's *res judicata* defense is not contrary to law or unsupported by competent evidence.

¶ 20 In its second proposition, Employer alleges the panel's finding that Claimant's psychological overlay "developed since the March 2007 trial" is not supported by competent evidence, arguing neither the medical evidence nor Claimant's testimony supports that finding. Without citing any authority, Employer argues "developed" and "worse" are separate and distinct words and the trial court's use of "developed" connotes "something new and different where 'Worse' is just more of the same old problem." We do not agree.

¶ 21 The record confirms the medical evidence does not use the word "develop." However, Employer's interpretation is not supported by the common meaning of "develop," which its use as a verb means "to acquire gradually" or "to become gradually apparent." *See Webster's Third New International Dictionary*, p. 618. This meaning is consistent with the medical evidence and Claimant's testimony, which Employer concedes in its brief establish a progressive worsening of Claimant's psychological overlay and about which Dr. Trinidad opined had occurred "since May 2007." More importantly, Employer's argument again fails to address Claimant's "multiple surgeries" performed *subsequent to* the trial court's May 2007 Order and discussed in Dr. Trinidad's June 25, 2009 medical report, the general tenor and intent of which supports the trial court's February 9, 2010 Order. *Bama Pie, Ltd. v. Raes*, 1995 OK 122, 905 P.2d 811.

¶ 22 Whether a psychological overlay disability occurred after the initial trial in March of 2007 presents an issue of causation, for which determination medical expert evidence is not required to prove or refute and both parties are permitted to present lay evidence, either direct or circumstantial. *Haley*, 2005 OK CIV APP 83, ¶ 12, 122 P.3d 490. Claimant's testimony and medical evidence provide competent evidence that Claimant's psychological overlay injury evolved and developed subsequent to the trial court's first finding and ". . . likely stems from a combination of the effects of living in chronic pain and having to take pain medication, limitations in his physical functioning, being unemployable and associated financial difficulties," all as a consequence of his work-related injuries and supports the panel's order.

¶ 23 Employer has not demonstrated the panel's order is contrary to law or unsupported by competent evidence. The Claimant's request for appeal-related attorney fees

based on 20 O.S.2001 § 15.1 is denied. The order is **SUSTAINED.**

. BUETTNER, P.J., and HANSEN, J., concur.